Carla M. Wirtschafter (SBN 292142)
Email:  cwirtschafter@reedsmith.com
Allison L. Kahn (SBN 346206)
Email:  akahn@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone:   (310) 734-5200
Facsimile:   (310) 734-5299

*Attorneys for Defendant*
SHAWN COREY CARTER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYMIR SATTERTHWAITE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SHAWN COREY CARTER,<br><br>                    Defendant. | Case No.: 2:25-cv-04251- SPG (MARx)<br><br>*[Assigned to Hon. Sherilyn Peace Garnett, Courtroom 5C]*<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(5), 12(B)(1) AND 12(B)(6) AND SPECIAL MOTION TO STRIKE PURSUANT TO CCP §425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently With Declaration Of Carla M. Wirtschafter; Request for Judicial Notice; [Proposed] Order]*<br><br>Hearing Date: September 3, 2025<br>Time: 1:30 p.m.<br>Location: Courtroom 5C<br><br>Action Filed:  May 6, 2025 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, APPEARING *PRO SE*:**

**PLEASE TAKE NOTICE** that on September 3, 2025 at 1:30 p.m. in the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012 in Courtroom 5C, Defendant Shawn Corey Carter ("Defendant") will and hereby does move, for an order dismissing the Complaint with prejudice pursuant to Federal Rules of Civil Procedure Rules 12(b)(5), 12(b)(1) and 12(b)(6) and striking the Complaint and all causes of action therein pursuant to California Code of Civil Procedure §425.16. Defendant is an internationally-known musical artist and businessman whose hard-earned success, brand, and brand of products is recognized worldwide.  This lawsuit and the related lawsuit filed by Lillie Coley at Case No. 2:25-cv-04216-SPG-(MARx), are just the latest events in Lillie Coley and Plaintiff Rymir Satterthwaite's ("Plaintiff") longstanding harassment of Defendant and disregard of multiple court orders.

The fabricated allegations and claims made in the Complaint have been addressed—and rejected—in multiple other courts time and time again. Plaintiff's attempt to relitigate the same issues again in a different court (in a third state) goes beyond the typical forum shopping. This lawsuit was filed in a transparent attempt to circumvent Superior Court of New Jersey Judge Deborah Silverman Katz's January 13, 2022 order which described Plaintiff's court filings as "frivolous and vexatious" and ordered that he, Ms. Coley, and his mother Wanda Satterthwaite:

> "are enjoined from filing any action in a New Jersey State Court absent a review and determination by this Court that the action is pled in a manner that seeks proper legal relief."[1]

---

[1] *See* Request for Judicial Notice ("RJN") filed concurrently herewith, Ex. G (January 13, 2022 Order), p. 1.

The Complaint is another frivolous and vexatious court filing that should be dismissed with prejudice on any one of the following grounds.

*First,* the Complaint should be dismissed with prejudice, or alternatively the Court should quash service of process, pursuant to Rule 12(b)(5) because Defendant was never served. Plaintiff claims to have served Defendant by "U.S. Mail", but service by mail is not a valid form of service under the Federal Rules or California law and the "proof of service" filed does not identify where the service packet was purportedly mailed.

*Second,* the Complaint should also be dismissed with prejudice pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction to decide Plaintiff's claims under the *Rooker Feldman* doctrine. Plaintiff's lawsuit is a de facto appeal of multiple state court orders, dating back to 2010, entered in New Jersey and Pennsylvania. Indeed, Plaintiff not only asks the Court for relief that would necessitate overturning those orders, he asks the Court to declare them "null, void, unenforceable, and constitutionally invalid".

*Third,* the Complaint should also be stricken without leave to amend pursuant to California's anti-SLAPP rule. The claims arise from Defendant's participation in litigation, which is protected activity, and Plaintiff has no possibility of prevailing on any of his claims because they are barred by the litigation privilege and they are untimely.

*Fourth,* the Complaint should also be dismissed with prejudice pursuant to Rule 12(b)(6) because the allegations fail to plead any plausible claim. Even accepting the well-pled allegations as true, Plaintiff has not satisfied his pleading burden. In fact, the allegations confirm Plaintiff's claims are fatally doomed because, at bottom, Plaintiff seeks to hold Defendant liable in tort for defending himself in lawsuits that Plaintiff and Ms. Coley brought against him and for orders issued by various courts, neither of which can form the basis for the legal claims asserted.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1       Pursuant to L.R. 7-3 and the Court's Standing Order, counsel for Defendant
2  attempted to meet and confer with Plaintiff, repeatedly between July 9 and July 17,
3  but Plaintiff refused to respond to multiple emails—including a July 9 email setting
4  forth the grounds for this Motion, refused to pick up the phone or return counsel's
5  calls. *See* Wirtschafter Decl., ¶¶ 2-6, Ex. A.  Plaintiff also failed to attend a Zoom
6  videoconference on July 17, 2025. *Id.*, ¶ 5, Ex. A, pp. 13-15.

7       This Motion is based on this Notice; the Memorandum of Points and
8  Authorities in Support; the Declaration of Carla M. Wirtschafter, and all exhibits
9  thereto, the Request for Judicial Notice filed concurrently herewith, and the complete
10  files and records in this action; matters that may be judicially noticed; and any oral or
11  documentary evidence that may be presented at or before the hearing on this matter.

12
13  DATED: July 18, 2025          REED SMITH LLP
14
15                      By: */s/ Carla M. Wirtschafter*
16                         Carla M. Wirtschafter
17                         Allison L. Kahn
18                         Attorneys for Defendant
                          SHAWN COREY CARTER
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................... 1

II.    RELEVANT FACTS.............................................................................. 2

    A.    The Claims and Allegations Plaintiff Makes In This Lawsuit Have Already Been Considered and Rejected Multiple Times ................ 2

    B.    Plaintiff Seeks To Relitigate Court Orders Decided Against Him ................................................................................................ 4

III.    DEFENDANT WAS NOT PROPERLY SERVED ................................. 5

IV.    THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFF'S LAWSUIT ............................................................................................ 7

V.    PLAINTIFF'S SLAPP SUIT SHOULD BE DISMISSED ............................ 10

    A.    Defendant's Use of the Judicial Process is Protected Activity ............... 11

    B.    Plaintiff Cannot Demonstrate A Likelihood of Prevailing On Any Claim ................................................................................... 13

        1.    The Litigation Privilege Bars Each of Plaintiff's Claims.............. 13

        2.    Each Claim Is Barred By the Statute of Limitations ..................... 15

    C.    Defendant Is Entitled to His Fees and Costs............................................ 17

VI.    THE COMPLAINT FAILS TO PLEAD PLAUSIBLE CLAIMS..................... 17

    A.    Plaintiff's Deceit by Concealment Claim Should Be Dismissed............. 18

    B.    Plaintiff's Abuse of Process Claim Should Be Dismissed ...................... 21

    C.    Plaintiff's Intentional Infliction of Emotional Distress Claim Should be Dismissed ................................................................... 22

    D.    Plaintiff's Negligent Infliction of Emotional Distress Claim Should be Dismissed ................................................................... 23

    E.    Plaintiff's Unjust Enrichment Should be Dismissed ................................ 24

VII.    CONCLUSION ................................................................................... 25

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CASE NO.:  2:25-cv-04251- SPG (MARx)                    MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER

# TABLE OF AUTHORITIES

**Page(s)**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Cases**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*,
   41 Cal. 4th 1232 (2007) ...................................................................13

*Ajetunmobi v. Clarion Mortg. Capital, Inc.*,
   No. SACV 12-0568 DOC (JPRx), 2012 U.S. Dist. LEXIS 99823
   (C.D. Cal. July 17, 2012) ................................................................19

*Ashcroft* v. *Ibqal*,
   556 U.S. 662 (2009) ...............................................................11, 17

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ...........................................................24

*Augustus v. Cty. of L.A.*,
   No. 2:20-cv-11255-FLA, 2023 U.S. Dist. LEXIS 52172 (C.D. Cal.
   Mar. 24, 2023) ................................................................................15

*Auto. Prods., plc v. Tilton Eng'g*, CV 90-5500 KN (Ex), 1993 U.S. Dist.
   LEXIS 3752 (C.D. Cal. Jan. 21, 1993) ...........................................22

*Bailey v. Nationstar Mortg., LLC*,
   No. 2:13-cv-2166-JAM-CMK, 2014 U.S. Dist. LEXIS 121415 (E.D.
   Cal. Aug. 28, 2014), *reported and adopted*, 2014 U.S. Dist. LEXIS
   150128 (E.D. Cal. Oct. 22, 2014) ....................................................19

*Bell Atl. Corp.* v. *Twombly*,
   550 U.S. 544 (2007) ...............................................................11, 17

*Bell v. Fed. Home Loan Mortg. Corp.*,
   No. 11-CV-2514-MMA(RBB), 2012 U.S. Dist. LEXIS 62970 (S.D.
   Cal. May 4, 2012) ...........................................................................19

*Bianchi v. Rylaarsdam*,
   334 F.3d 895 (9th Cir. 2003) .............................................................8

*Bitarafan v. Claremont Police Dep't*,
   No. 2:24-cv-03283-SVW-PVC, 2025 U.S. Dist. LEXIS 31894 (C.D.
   Cal. Jan. 3, 2025) ...........................................................................15

- v -

*Boermeester v. Univ. of S. Cal.*,
   No. CV 19-2137 FMO, 2025 U.S. Dist. LEXIS 45205 (C.D. Cal. Mar. 10, 2025) ...................................................................................................9

*Braun v. Chronicle Publ'g Co.*,
   52 Cal. App. 4th 1036 (1997) ...............................................................11

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) .................................................................6

*Cabral v. Martins*,
   177 Cal. App. 4th 471 (2009) ...............................................................13

*Cantu v. Resolution Trust Corp.*,
   4 Cal. App. 4th 857 (1992) ...................................................................22

*Cappuccio v. Cal. State Univ.*,
   No. 8:23-cv-02026-FWS-DFM, 2024 U.S. Dist. LEXIS 220648 (C.D. Cal. Dec. 5, 2024) .............................................................................18

*Chilicky v. Schweiker*,
   796 F.2d 1131 (9th Cir. 1986), *reversed on other grounds by Schweiker v. Chilicky*, 487 U.S. 412 (1988) ..........................................6

*City of Cotati v. Cashman*,
   29 Cal. 4th 69 (2002) ...........................................................................11

*Clark v. Bear Stearns & Co.*,
   966 F.2d 1318 (9th Cir. 1992) .............................................................25

*Class Int'l, Inc. v. Toolman Prods., Inc.*,
   No. 8:25-cv-00010-JDE, 2025 U.S. Dist. LEXIS 87523 (C.D. Cal. May 7, 2025) .....................................................................................21

*Cooper v. Ramos*,
   704 F.3d 772 (9th Cir. 2012) .................................................................9

*Cuellar v. Seiu-Usww*,
   No. 2:22-cv-01359-SPG-MAA, 2022 U.S. Dist. LEXIS 246500 (C.D. Cal. Oct. 4, 2022) .............................................................................22

*District of Columbia Court of Appeals v. Feldman*,
   460 U.S. 462 (1983) ...............................................................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- vi -

*DJ St. John v. Tatro*,
   No. 15-cv-2552-GPC-JLB, 2016 U.S. Dist. LEXIS 38929, 2016 WL
   1162678 (S.D. Cal. Mar. 23, 2016), *aff'd*, 698 Fed. Appx. 917 (9th
   Cir. 2017) ............................................................................................. 10

*Doe & Assocs. L. Offs. v. Napolitano*,
   252 F.3d 1026 (9th Cir. 2001) ............................................................ 10

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) ........................................................... 24

*Equilon Enters. v. Consumer Cause, Inc.*,
   29 Cal. 4th 53 (2002) ......................................................................... 11

*ESG Cap. Partners, LP v. Stratos*,
   828 F.3d 1023 (9th Cir. 2016) ...................................................... 24, 25

*Finton Constr., Inc. v. Bidna & Keys, APLC*,
   238 Cal. App. 4th 200 (2015) ...................................................... 12, 14

*First Nationwide Sav. v. Perry*,
   11 Cal. App. 4th 1657 (1992) ............................................................ 25

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ........................................................... 17

*Graham-Sult v. Clainos*,
   756 F.3d 724 (9th Cir. 2014) ............................................................. 13

*Hagberg v. Cal. Fed. Bank*,
   32 Cal. 4th 350 (2004) ....................................................................... 14

*Hart v. Bayview Loan Servicing*,
   No. 2:16-cv-01309-CAS(AFMx), 2016 U.S. Dist. LEXIS 94783 (C.D.
   Cal. July 18, 2016) ............................................................................. 20

*Herring Networks, Inc. v. Maddow*,
   8 F.4th 1148 (9th Cir. 2021) .............................................................. 10

*Hilton v. Hallmark Cards*,
   599 F.3d 894 (9th Cir. 2010) ............................................................. 11

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- vii -

*HKM Enters., Inc. v. Parsons Gov't Servs.*,
    No. 2:23-cv-10592-MEMF-PD, 2025 U.S. Dist. LEXIS 33808 (C.D.
    Cal. Feb. 25, 2025) ..........................................................................................24

*IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*,
    2015 U.S. Dist. LEXIS 190451, 2015 WL 13357602 (C.D. Cal. Mar.
    20, 2015)..........................................................................................................21

*Jogani v. Superior Court*,
    165 Cal. App. 4th 901 (2008) ........................................................................24

*Johnson v. DeGrandy*,
    512 U.S. 997 (1994).........................................................................................8

*JSJ Ltd. P'ship v. Mehrban*,
    205 Cal. App. 4th 1512, 141 Cal. Rptr. 3d 338 (2012) .................................21

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .......................................................................19

*Keller v. Elec. Arts Inc. (In re NCAA Student-Athlete Name & Likeness
    Licensing Litig.)*,
    724 F.3d 1268 (9th Cir. 2013) .......................................................................17

*Kenne v. Stennis*,
    230 Cal. App. 4th 953 (2014) ........................................................................13

*Kisty v. Avalonbay Cmtys., Inc.*,
    No. 2:23-cv-00427-RGK-PLA, 2023 U.S. Dist. LEXIS 80410 (C.D.
    Cal. Mar. 10, 2023).................................................................................23, 24

*Kleefeld v. Wells Fargo Bank, N.A.*,
    No. 2:23-cv-07619-ODW, 2024 U.S. Dist. LEXIS 39713 (C.D. Cal.
    Mar. 6, 2024) ..................................................................................................11

*Kougasian v. TMSL, Inc.*,
    359 F.3d 1136 (9th Cir. 2004) .........................................................................8

*Kulick v. Leisure Vill. Ass'n, Inc.*,
    Case No. 18-cv-05718-PA (SSx), 2018 WL 11253972, at *2 (C.D.
    Cal. July 9, 2018), aff'd, 741 Fed. App'x 459 (9th Cir. 2018), cert.
    denied, 139 S. Ct. 2613 (2019)........................................................................9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CASE NO.:  2:25-cv-04251- SPG (MARx)        MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER

*Leite v. Crane Co.*,
  749 F.3d 1117 (9th Cir. 2014) ....................................................................... 8

*Lopez v. Contreras*,
  No. 21-CV-1329 DMS (JLB), 2021 U.S. Dist. LEXIS 258192 (S.D.
  Cal. Dec. 1, 2021) ....................................................................................... 6

*Makaeff v. Trump Univ., LLC*,
  715 F.3d 254 (9th Cir. 2013) ..................................................................... 10

*Matyas v. Summerkids, Inc.*,
  No. LA CV21-04163 JAK (JDEx), 2023 U.S. Dist. LEXIS 195393
  (C.D. Cal. Apr. 19, 2023) ..................................................................... 20, 21

*Microsoft Corp. v. A-Tech Corp.*,
  855 F. Supp. 308 (C.D. Cal. 1994) .......................................................... 21

*Morales v. Coop. of Am. Physicians, Inc.*,
  180 F.3d 1060 (9th Cir. 1999) ................................................................. 18

*Mullis v. U.S. Bankr. Court*,
  828 F.2d 1385 (9th Cir. 1987) ................................................................. 18

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
  No. 3:18-cv-01538-H-MDD, 2019 U.S. Dist. LEXIS 17678 ........................ 24

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
  190 F.3d 963 (9th Cir. 1999) ................................................................... 17

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,
  133 Cal. App. 4th 658 (2005) ................................................................... 16

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
  890 F.3d 828 (9th Cir. 2018) ................................................................... 13

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal. 4th 965 (1993) ............................................................................... 23

*Radus Tek Servs. v. IDC Techs. Inc.*,
  767 F. Supp. 3d 972 (N.D. Cal. 2025) ...................................................... 23

*Renewable Res. Coal., Inc. v. Pebble Mines Corp.*,
  218 Cal. App. 4th 384 (2013) ................................................................... 12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- ix -

*In re Ronduen*,
No. EDCV 23-481 JGB (SHKx), 2023 U.S. Dist. LEXIS 116337
(C.D. Cal. July 6, 2023) ................................................................ 18

*Rooker v. Fid. Tr. Co.*,
263 U.S. 413 (1923) ........................................................................ 8

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ................................................................ 13

*Sacramento Brewing Co. v. Desmond, Miller & Desmond*,
75 Cal. App. 4th 1082 (1999) .................................................. 14, 15

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ....................................................... 7

*Shapiro v. AT&T Mobility, LLC*,
No. 2:19-CV-8972-CBM-(FFMx), 2021 U.S. Dist. LEXIS 245727
(C.D. Cal. Sep. 30, 2021) ............................................................. 20

*Silberg v. Anderson*,
50 Cal. 3d 205 (1990) ................................................................... 14

*Smith v. Intel Corp.*,
745 F. Supp. 3d 853 (N.D. Cal. 2024) ......................................... 25

*Soliman v. CVS RX Servs.*,
570 F. App'x 710 (9th Cir. 2014) ................................................. 15

*SolMark Int'l, Inc. v. Galvez*,
2021 U.S. Dist. LEXIS 201280, 2021 WL 4813252 (C.D. Cal. Aug.
23, 2021) ...................................................................................... 21

*Souter v. Edgewell Pers. Care Co.*,
No. 20-CV-1486 TWR (BLM), 2022 U.S. Dist. LEXIS 28386 (S.D.
Cal. Feb. 16, 2022) ....................................................................... 24

*Steinmeyer v. Lab'y Corp. of Am. Holdings*,
676 F. Supp. 3d 851 (S.D. Cal. 2023) .......................................... 10

*Thomas v. Fry's Elecs., Inc.*,
400 F.3d 1206 (9th Cir. 2005) ...................................................... 17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- x -

*Thornbrough v. W. Placer Unified Sch. Dist.*,
No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist. LEXIS 53136 (E.D. Cal. May 27, 2010) ....................................................................... 22

*Trinity Christian Ctr. of Santa Ana, Inc. v. McVeigh*,
No. SACV 13-1334 DOC (RNBx), 2013 U.S. Dist. LEXIS 157125 (C.D. Cal. Oct. 31, 2013), *aff'd*, 637 F. App'x 339 (9th Cir. 2016) .................. 16

*United States v. Gorski*,
No. CV 11-4252 AG, 2012 U.S. Dist. LEXIS 196349 (C.D. Cal. Mar. 22, 2012) ............................................................................. 15

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003) ........................................................ 19

*Weiser Law Firm, P.C. v. Hartleib*,
No. SACV 23-00171-CJC, 2023 U.S. Dist. LEXIS 116300 (C.D. Cal. July 6, 2023) ............................................................................... 14

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) .......................................................... 7

*Wu v. Sunrider Corp.*,
No. 17-4825 DSF, 2018 U.S. Dist. LEXIS 227591 (C.D. Cal. May 22, 2018) ......................................................................................... 15

*Zoladz v. AGA Serv. Co.*,
No. 2:24-cv-00584-JLS-SK, 2024 U.S. Dist. LEXIS 209648 (C.D. Cal. Oct. 9, 2024) .......................................................................... 23

**Statutes**

Cal. Code Civ. Proc. § 335.1 ............................................................... 15

Cal. Code Civ. Proc. § 338(d) ............................................................ 15

Cal. Code Civ. Proc. § 415.10 *et seq.* ................................................. 7

Cal. Code Civ. Proc. § 415.20 ............................................................. 7

Cal. Code Civ. Proc. § 415.30 ............................................................. 7

Cal. Code Civ. Proc. § 415.30(c) ........................................................ 7

Cal. Code Civ. Proc. § 415.40 .................................................................. 7

Cal. Code Civ. Proc. § 425.16 ................................................... 10, 16, 25

Cal. Code Civ. Proc. § 425.16(c) .......................................................... 17

Cal. Code Civ. Proc. § 425.16(e)(1)-(2) ............................................... 11

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................... 18, 19

Fed. R. Civ. P. 12(b)(1) ...................................................................... 7

Fed. R. Civ. P. 12(b)(5) ...................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................... 17, 18

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CASE NO.:  2:25-cv-04251- SPG (MARx)                    MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Rymir Satterthwaite ("Plaintiff") has been harassing Defendant Shawn Corey Carter ("Defendant") for fifteen years. This lawsuit is the latest ploy in a long history of frivolous and vexatious filings that resulted in an order enjoining Plaintiff from further filings in court in the State of New Jersey without court approval and a determination that the filings seek proper legal relief. Plaintiff's lawsuit is another frivolous and vexatious filing seeking to make an end run around the injunction issued in the New Jersey court and attempting to relitigate issues that have been repeatedly decided against Plaintiff over the last fifteen years.

Defendant is the co-founder of Roc Nation, and an internationally-known musical artist and businessman whose hard-earned success, brand, and brand of products is recognized worldwide. Since 2010, Plaintiff, his mother Wanda Satterthwaite, and his caretaker and godmother Lillie Coley—who filed a related action with duplicative claims and allegations at Case No. 2:25-cv-04216-SPG-(MARx), which Defendant has also today moved to dismiss—have repeatedly dragged Defendant into court based upon the false assertion that he is Defendant's biological child. Courts in the State of Pennsylvania and New Jersey have rejected such claims, including because Plaintiff's paternity was previously established for someone else in a court proceeding—someone who Plaintiff's mother claimed no later than 1994 was Plaintiff's father—and that person was ordered to pay child support. As the initial court rejecting Plaintiff's demands explained, in an order dated July 16, 2010, "mother cannot wait seventeen years to name a second person as the father of her child when she identified another person as the father sixteen years ago and never attempted to recant that identification until now."[2]

---

[2] RJN, Ex. B (July 16, 2010 Order).

CASE NO.: 2:25-cv-04251- SPG (MARx)                    MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Plaintiff's lawsuit, at bottom, alleges the various court orders issued in the last fifteen years, which uniformly rejected Plaintiff's claims, got it wrong and this Court should find Defendant liable for fraud, abuse of process, emotional distress and unjust enrichment because Plaintiff disagrees with the orders entered against him. The Complaint is fatally flawed and should be dismissed with prejudice for any one of the following reasons: (1) Defendant was not properly served; (2) the *Rooker-Feldman* doctrine precludes Plaintiff from seeking a *de facto* appeal of the Pennsylvania and New Jersey state court orders; (3) California's anti-SLAPP statute bars Plaintiff's claims because they are based on protected litigation activity and barred by the litigation privilege and the statute of limitations, and (4) the complaint fails to adequately plead a plausible claim.

## II.    **RELEVANT FACTS**

### A.    **The Claims and Allegations Plaintiff Makes In This Lawsuit Have Already Been Considered and Rejected Multiple Times**

Since 2010, Plaintiff has subjected Defendant to proceedings in New Jersey and Pennsylvania contending that Defendant is his biological father and should be ordered to submit to paternity testing and to pay support. Plaintiff's claims and demands have been uniformly rejected. *See* RJN, Ex. B (July 16, 2010 Order), Ex. C (May 19, 2011 Order); Ex. D (April 23, 2013 Order); Ex. E (September 17, 2013 Order). When Plaintiff refused to abide by these orders and remained undeterred even after being held in contempt, he was subject to the extraordinary step of being enjoined from bringing any action in the State of New Jersey without court review and determination that his claims sought proper legal relief. *Id.*, Ex. G (January 13, 2022 Order). In a clear attempt to make an end run around this injunction, he filed this lawsuit insisting the courts erred and Defendant should be found liable in tort.

More specifically, in June 2010, Plaintiff's mother filed a motion for genetic testing of Defendant to determine the paternity of Plaintiff in Pennsylvania state court.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Id.*, Ex. D (April 23, 2013 Order), p. 1; Ex. E (September 17, 2013 Order), ¶ 5. At the same time, Plaintiff's mother filed a motion for genetic testing of another individual "who had previously been identified as the father" and who "had been ordered to pay [child] support." *Id.,* Ex. D (April 23, 2013 Order), p. 1; Ex. E (September 17, 2013 Order), ¶ 4.  On July 16, 2010, the Pennsylvania court denied the request for genetic testing of Defendant based on estoppel, stating "as a matter of law, the motion must be denied because mother cannot wait seventeen years to name a second person as the father of her child when she identified another person as the father sixteen years ago and never attempted to recant that identification until now." *Id*., Ex. B (July 16, 2010 Order); Ex. D (April 23, 2013 Order), pp. 1-2.

Undeterred, on March 28, 2011, Plaintiff and his mother brought another petition in Pennsylvania for Defendant to submit to genetic testing. *Id.*, Ex. D (April 23, 2013 Order), p. 2; Ex. E (September 17, 2013 Order), ¶ 7.  The court denied that petition on May 19, 2011, stating, this "matter is res judicata. A final order was entered July 16, 2010 on this matter, and mother did not appeal said order." *Id.*, Ex. C (May 19, 2011 Order); Ex. D (April 23, 2013 Order), p. 2; Ex. E (September 17, 2013 Order), ¶ 8.  On April 27, 2012, Plaintiff's mother filed a petition to vacate the July 2010 and May 2011 orders; that request was granted, but following an appeal by Defendant, the Superior Court of Pennsylvania reversed the vacating order and reinstated the July 2010 and May 2011 Orders. *Id.*, Ex. D (April 23, 2013 Order), pp. 2-4; Ex. E (September 17, 2013 Order), ¶¶ 9-11.

Separately, in July 2011, Plaintiff's caretaker and godmother, related plaintiff Lillie Coley, filed a petition for paternity against Defendant in New Jersey. *Id.*, Ex. D (April 23, 2013 Order), p. 2; Ex. E (September 17, 2013 Order), ¶ 14.  That petition was denied because the New Jersey court determined that Pennsylvania has jurisdiction. *Id.* Separately, Plaintiff and his mother filed another petition, in a different New Jersey county, for Defendant to submit to genetic testing. *Id.* Ex. E

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

(September 17, 2013 Order), ¶¶ 1, 14.  On September 17, 2013, the New Jersey court denied the petition because "the matter has been previously decided in Philadelphia County, Pennsylvania", the Pennsylvania court orders from July 2010 and May 2011 "remain in full force and effect" and "[t]he Court cannot permit the parties to forum shop until finding a result that is satisfactory to them." *Id.*, ¶¶ 3, 12, 13.

Over the next nine years, the New Jersey courts issued a series of orders finding Plaintiff to be in violation of prior court orders, including orders requiring the matters to be sealed and held Plaintiff in contempt at least four times.  Wirtschafter Decl., ¶ 17.  On January 13, 2022, pursuant to the court's *sua sponte* Order to Show Cause, the Superior Court of New Jersey found that Plaintiff, related Plaintiff Lillie Coley and Plaintiff's mother "have filed, and continue to file, numerous frivolous and vexatious Applications with this Court and other courts throughout the State of New Jersey, and that traditional sanctions have failed to deter" them.  RJN, Ex. G (January 13, 2022 Order), p. 3. As a result, the court found good cause to enjoin Plaintiff, related Plaintiff Lillie Coley and Plaintiff's mother "from filing any action in a New Jersey State Court absent a review and determination by this Court that the action is pled in a manner that seeks proper legal relief." *Id.* Again undeterred, Plaintiff attempted to challenge the injunction in lawsuits brought against the New Jersey Supreme Court and judges in that Court in federal court in Pennsylvania and New Jersey; both were dismissed with prejudice. RJN, Ex. H (August 24, 2024 PA Order); Ex. I (May 22, 2025 NJ Order).  This lawsuit followed.

### B.   Plaintiff Seeks To Relitigate Court Orders Decided Against Him

Plaintiff's Complaint alleges that he is the biological son of Defendant, and that Defendant has engaged in conduct to "suppress Plainitff [*sic*] Rymir's paternity claim and prevent legal accountability." Dkt. 1 (the "Compl."), ¶¶ 3, 11.  Plaintiff alleges he was "repeatedly denied a fair and impartial forum to seek redress" because of Defendant's "manipulation of the legal process." *Id.*, ¶ 4.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

The "manipulation" Plaintiff alleges consists of court orders dismissing Plaintiff's claims and denying his demands to force Defendant to submit to paternity testing without a legal basis. *Id.*, ¶¶ 15-19. Plaintiff also alleges that Defendant concealed facts regarding "his contacts with the State of New Jersey" in order to secure dismissal of Plaintiff's claims based on a lack of personal jurisdiction. *Id.*, ¶¶ 86, 87, 94, 95, 103, 111-112, 120-121. The "harm" Plaintiff alleges is being unable to advance his case "publicly or through the legal system," which Plaintiff states "reached its apex when Defendant secured an extraordinary injunction barring Plaintiff from filing any complaints or applications in any court throughout the State of New Jersey." *Id.*, ¶¶ 20, 25; *see also* ¶¶ 28-44 (detailing court orders Plaintiff takes issue with).[3]

Based on the foregoing, Plaintiff asserts claims for fraud, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress and unjust enrichment. Plaintiff seeks damages including (i) "loss of financial support" and "the value of support wrongfully withheld"—*i.e.* the paternity claims repeatedly rejected, (ii) declaratory relief that "all judgments liens, sealing orders, and other court actions . . . are null, void, unenforceable, and constitutionally invalid", and (iii) injunctive relief enjoining Defendant from "interference with property rights, [e]nforcement of [purported] fraudulent liens, [and] use of the judicial process" to respond to Plaintiff's false claims. *Id.*, Prayer for Relief, ¶¶ 1, 2, 4-5.

## III.  **DEFENDANT WAS NOT PROPERLY SERVED**

Defendant first moves to dismiss, or alternatively to quash service of process, pursuant to Rule 12(b)(5) on the ground that Plaintiff has not complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. A Rule

---

3 Plaintiff also includes a patently false and absurd allegation suggesting that the courts' orders and Defendant's utilization of the judicial process to successfully protect his rights is somehow to blame for his vehicle purportedly being shot on an unidentified date by unidentified persons. *Id.*, ¶ 23.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

12(b)(5) motion challenges "irregularities in the manner of delivery of the summons and complaint." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed on other grounds by Schweiker v. Chilicky*, 487 U.S. 412 (1988). Plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." *Lopez v. Contreras*, No. 21-CV-1329 DMS (JLB), 2021 U.S. Dist. LEXIS 258192, at *10 (S.D. Cal. Dec. 1, 2021).

Here, while the record is confusing, it establishes that proper service has not been effectuated. On May 29, 2025, Plaintiff filed a document titled "proof of service" (Dkt. 7) indicating that service was completed on May 23, 2025. The document filed is the proof of service form attached to the summons issued by the Court. The filed document includes a check in the box "other" with the following information added "[m]ailed via USPS", and two tracking numbers. Attached to the filed document are the tracking number printouts from the USPS website—which indicate delivery on May 23 and May 27 "in or at the mailbox" in "Malibu, CA." No address is identified on the proof or the tracking number printouts. *Id.*

On June 2, 2025, Plaintiff filed a document titled "declaration of attempted service" which states that on May 24, the process server attempted to serve a copy of the summons and complaint via "the Green certified receipt USPS priority mail", but the package was refused on May 27 (Dkt. 8). On June 15, 2025, Plaintiff filed a document titled "Clarify USPS" which identifies the USPS tracking number ending in 594874, one of the two listed in the "proof of service" filed at Dkt. 7, as related to this matter (Dkt. 12). It therefore appears that Plaintiff is contending he served Defendant via USPS mail by delivering the package with the tracking number ending in 594874 "in or at the mailbox" in "Malibu, CA" on May 27. None of the filed documents identify the address where the package was mailed.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Regardless, service by USPS mail is not proper service. Rule 4(e)(2) does not provide an option for service by mail nor does the California Code of Civil Procedure ("CCP") permit service by mail on a person within California. *See* CCP §415.10 *et seq.* CCP §415.40 only permits service by mail on a party *outside of California* and in order to effectuate service, a return receipt is required. Plaintiff also did not comply with the requirements for service pursuant to CCP §415.20 or CCP §415.30. CCP §415.20, the substitute service provision, requires that a copy of the summons and complaint be left at "a dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge . . ., at least 18 years of age, who shall be informed of the contents thereof." Plaintiff's proof of service does not provide any evidence of compliance with this requirement. CCP §415.30 also is not applicable because it provides for service by mail *when accompanied by an acknowledgement of receipt* that must be returned to effectuate service. *See* CCP §415.30(c).

Plaintiff's purported service by delivering a package with unspecified contents to an unidentified mailbox in Malibu is not proper service under any rule, and the Court should dismiss the Complaint with prejudice.

## IV.  THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFF'S LAWSUIT

Even if Defendant had been properly served, the Complaint should be dismissed pursuant to Rule 12(b)(1) because Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine. Under Federal Rule of Civil Procedure 12(b)(1), a party may raise by motion the defense that the complaint lacks subject-matter jurisdiction, and may do so via a facial or factual attack. *See White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A court resolves a facial

attack "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient . . . to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Under the *Rooker-Feldman* doctrine, a federal court is without jurisdiction to exercise *de facto* appellate review of state court judgments. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (*citing Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983)). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Id.* at 1140 (citation omitted). This doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the judgment itself violates the loser's federal [constitutional] rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). In determining whether an action functions as a *de facto* appeal, courts "pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted) (emphasis in original). "*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment." *Id.* at 901 (citation and footnote omitted).

The Court need only look at the prayer for relief to conclude that *Rooker-Feldman* bars Plaintiff's claims: Plaintiff is asking this Court to declare the court orders entered against him in New Jersey and Pennsylvania "null, void, unenforceable, and constitutionally invalid" and to award him the "support damages" he contends Defendant unjustly retained because he was not required to pay child support. *See* Compl., Prayer for Relief, ¶¶ 1, 2, 4-5. As such, Plaintiff not only asks this Court to void the state court orders, he asks this court to reverse the July 16, 2010 Pennsylvania

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  court order finding, "as a matter of law, the motion [for Defendant to submit to
2  genetic testing] must be denied because mother cannot wait seventeen years to name a
3  second person as the father of her child when she identified another person as the
4  father sixteen years ago and never attempted to recant that identification until now."
5  RJN, Ex. B (July 16, 2010 Order); Ex. D (April 23, 2013 Order), pp. 1-2.

6       In addition to the prayer for relief, the allegations detail a history of orders
7  entered against Plaintiff rejecting the very contentions he now asks this Court to
8  determine.  Plaintiff alleged there, as he does here, that Defendant's participation in
9  those proceedings, and enforcement of court orders resulting from those proceedings,
10 resulted from fraud and a manipulation of the legal process which denied Plaintiff a
11 fair and impartial judicial forum and the opportunity to advance his case "publicly or
12 through the legal system."  Compl., ¶¶ 12-45; RJN, Ex. F (February 27, 2018 Order).
13 Plaintiff also alleges that when he filed a lawsuit in New Jersey in December 2014
14 alleging Defendant concealed evidence of property ownership in New Jersey, the
15 court nonetheless determined it lacked personal jurisdiction and dismissed the case.
16 *Id.*, ¶¶ 30-34. He now asks this Court to not only unwind that order, but to find that
17 Defendant's successful jurisdiction arguments were fraudulent. *Id.*, 86-89; 93-96, 102-
18 103, 111-115, 120-122.

19      When, as here, "the relief requested in the federal action would effectively
20 reverse the state court decision or void its ruling, the claims are inextricably
21 intertwined and the federal action must be dismissed for lack of subject matter
22 jurisdiction." *Boermeester v. Univ. of S. Cal.,* No. CV 19-2137 FMO (MBKx), 2025
23 U.S. Dist. LEXIS 45205, at *8 (C.D. Cal. Mar. 10, 2025) (citing *Cooper v. Ramos*,
24 704 F.3d 772, 782 (9th Cir. 2012) (explaining that Rooker-Feldman bars "inextricably
25 intertwined" claims where federal adjudication "would impermissibly undercut the
26 state ruling on the same issues")); *Kulick v. Leisure Vill. Ass'n, Inc*., Case No. 18-cv-
27 05718-PA (SSx), 2018 WL 11253972, at *2 (C.D. Cal. July 9, 2018), aff'd, 741 Fed.
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

App'x 459 (9th Cir. 2018), cert. denied, 139 S. Ct. 2613 (2019) ("Even if a plaintiff frames his claim as a constitutional challenge, if he seeks what, in substance, would be appellate review of a state judgment, the action is barred by Rooker-Feldman.") (citations omitted); *Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.")

Because resolution of Plaintiff's claims necessarily requires revisiting the orders in both the New Jersey and Pennsylvania courts denying Plaintiff's request for paternity testing and child support from Defendant, the Complaint should be dismissed with prejudice under *Rooker-Feldman*. *See Steinmeyer v. Lab'y Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 867 (S.D. Cal. 2023) (denying leave to amend because "no amendment can fix the fundamental defects that the Court lacks jurisdiction over Plaintiff's de facto appeal"); *DJ St. John v. Tatro*, No. 15-cv-2552-GPC-JLB, 2016 U.S. Dist. LEXIS 38929, 2016 WL 1162678, at *10 (S.D. Cal. Mar. 23, 2016) (denying leave to amend due to incurable standing issues and the applicability of the *Rooker Feldman* doctrine), *aff'd*, 698 Fed. Appx. 917 (9th Cir. 2017).

## V.    <u>PLAINTIFF'S SLAPP SUIT SHOULD BE DISMISSED</u>

Plaintiff's Complaint should also be dismissed pursuant to CCP §425.16. A special motion to strike under California's anti-SLAPP statute involves a two-step inquiry. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). First, "the moving defendant must make a *prima facie* showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013). At the second step, the burden shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim." *Id.*

- 10 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

In construing an anti-SLAPP motion under Rule 12(b)(6), courts accept as true the allegations in the complaint, but are not bound to accept as true a legal conclusion couched as a factual argument, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft* v. *Ibqal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")

### A.  Defendant's Use of the Judicial Process is Protected Activity

With respect to the first step of the analysis, "[t]he only thing the defendant needs to establish to invoke the potential protection of the SLAPP statute is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of her right of petition or free speech." *Equilon Enters.* v. *Consumer Cause, Inc.*, 29 Cal. 4th 53, 61 (2002) (internal quotes omitted).[4] "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e) . . . ." *City of Cotati* v. *Cashman*, 29 Cal. 4th 69, 78 (2002) (quoting *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1043 (1997).

The "protected activities" covered by the anti-SLAPP statute and relevant to this Motion include (1) any written or oral statement or writing made before a judicial proceeding and (2) any written or oral statement or writing made in connection with an issue under consideration or review by a judicial body. CCP § 425.16(e)(1)-(2).  In determining whether the underlying claims arose from protected activity, the court

---

[4] "Where a federal court has jurisdiction to hear an anti-SLAPP motion, the court is bound by decisions of the California Supreme Court."  *Kleefeld v. Wells Fargo Bank, N.A.*, No. 2:23-cv-07619-ODW (AJRx), 2024 U.S. Dist. LEXIS 39713, at *7 (C.D. Cal. Mar. 6, 2024); *Hilton v. Hallmark Cards*, 599 F.3d 894, 905 (9th Cir. 2010) (federal courts evaluating claims brought under state law "must begin with the pronouncements of the state's highest court, which bind us").  Accordingly, Defendant cites to California state law herein.

must look to the "allegedly wrongful and injurious conduct of the defendant, *rather than the damage which flows from said conduct.*" *Renewable Res. Coal., Inc. v. Pebble Mines Corp.*, 218 Cal. App. 4th 384, 396-97 (2013) (emphasis in original); *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 209 (2015) (finding that a court should look to the activities that form the basis for each cause of action and then determine whether those activities are within the scope of the anti-SLAPP statute).

Here, each and every one of Plaintiff's claims is premised on court orders or Defendant's statements and writings made in prior civil litigation. *See* Section II, *supra.* More specifically, Plaintiff's first cause of action for deceit alleges that Defendant concealed and misrepresented his ownership of property in New Jersey in court filings, which caused the New Jersey court to dismiss his lawsuit for lack of jurisdiction. Complaint, ¶¶ 86-89. Similarly, Plaintiff's second cause of action for abuse of process alleges that "[r]ather than utilizing the courts to resolve a genuine legal dispute in good faith, Defendant Carter invoked jurisdictional defenses and filed responsive pleadings with the ulterior motive of obstructing and delaying efforts to pursue paternity-related claims." *Id.*, ¶ 94. Plaintiff again alleges that Defendant denied owning property in New Jersey, and leveraged sealed orders, false filings, and procedural technicalities. *Id.*, ¶ 96.  Plaintiff's emotional distress claims (third and fourth causes of action) likewise contend Defendant is liable because he concealed and mispresented his contacts with the state of New Jersey, including his ownership of property in the state to mislead courts. *Id.*, ¶¶ 102-103; 111-112, 115.  Finally, Plaintiff again alleges in support of his fifth cause of action that Defendant concealed from the court "his ties to New Jersey – including ownership of real property and other jurisdictionally relevant contacts – to evade court-ordered responsibilities and legal obligations." *Id.*, ¶ 120.

Such activities are squarely protected by California's anti-SLAPP statute. *See*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Kenne v. Stennis*, 230 Cal. App. 4th 953, 965 (2014) ("[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest."); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056, (2006) (noting that protected activity includes "communicative conduct such as the filing, funding, and prosecution of a civil action"); *Cabral v. Martins*, 177 Cal. App. 4th 471, 482 (2009) (evading child support obligations insufficient to take case outside of scope of anti-SLAPP statute).

## B.   Plaintiff Cannot Demonstrate A Likelihood of Prevailing On Any Claim

Because Plaintiff's claims arise from protected activities under the anti-SLAPP statute, and this Motion attacks the legal sufficiency of the Complaint, Plaintiff must show that each challenged claim is legally sufficient to sustain a favorable judgment. *See Planned Parenthood Fed'n of Am., Inc.* v. *Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). Plaintiff cannot do so because both the litigation privilege and the statute of limitations bar each claim pled.

### 1.   The Litigation Privilege Bars Each of Plaintiff's Claims

The litigation privilege bars each of Plaintiff's claims because as the California Supreme Court has held, the litigation privilege "immunize[s] defendants from tort liability based on theories of abuse of process …, intentional infliction of emotional distress …, negligence and fraud." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1242 (2007) (internal citations omitted); *see also Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014) ("California's litigation privilege, codified in California Civil Code Section 47(b), "immunizes defendants from virtually any tort liability…with the sole exception of causes of action for malicious prosecution.").

Section 47(b) "establishes a privilege that bars liability in tort for the making of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

certain statements," including those made in any "judicial proceeding." *Hagberg v.
Cal. Fed. Bank*, 32 Cal. 4th 350, 360 (2004) (internal quotes omitted). "[S]ection
47(b) encompasses not only testimony in court and statements made in pleadings, but
also statements made prior to the filing of a lawsuit, whether in preparation for
anticipated litigation or to investigate the feasibility of filing a lawsuit." *Id.* at 361.
The privilege also extends to statements made by private parties in connection with
judicial proceedings. *See id.* at 365. Any doubt about whether the privilege applies is
resolved in favor of applying it. *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal.
App. 4th at 212.

Where, as here, the communications are made by one of the litigants, all that is
required is that the communications "be connected with or have some logical relation"
to the action. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). It is the "subject matter
or context" of the statement that must bear a logical relation to the action, not the
statement itself. *Sacramento Brewing Co. v. Desmond, Miller & Desmond*, 75 Cal.
App. 4th 1082, 1089-90 (1999). The only manner to defeat the privilege is to show
that the communication was "so palpably irrelevant to the subject matter of the action
that no reasonable person can doubt its irrelevance." *Id.*

Here, the allegations confirm that each of Plaintiff's claims falls squarely within
the protection of the litigation privilege. In support of each claim, Plaintiff alleges that
Defendant is liable because he "concealed material facts regarding his contacts with
the State of New Jersey" which he "had a duty to disclose [] during judicial
proceedings where personal jurisdiction was challenged", and "misused the judicial
process in multiple state court proceedings" by "invok[ing] jurisdiction defenses."
Compl. ¶¶ 86-89; 93-96, 102-103, 111-115, 120-122.

Regardless of Plaintiff's mistaken contentions about the veracity of the defenses
and Defendant's jurisdictional arguments, they are covered by the litigation privilege
and cannot form the basis for liability in tort. *See Weiser Law Firm, P.C. v. Hartleib*,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No. SACV 23-00171-CJC (JDEx), 2023 U.S. Dist. LEXIS 116300, at *29 (C.D. Cal. July 6, 2023) ("[T]he litigation privilege applies even when statements are made for improper purposes"); *Augustus v. Cty. of L.A.*, No. 2:20-cv-11255-FLA (RAOx), 2023 U.S. Dist. LEXIS 52172, at *24 (C.D. Cal. Mar. 24, 2023) (statements made to the court and in court filings in a guardianship proceeding were privileged under Section 47(b) and dismissing complaint); *Sacramento Brewing Co.*, 75 Cal. App. 4th at 1090 ("[I]t would be a poor privilege indeed that required the truth of the alleged ... communication to be determined in order to determine the privilege's application.").

Because the litigation privilege bars every claim pled, Plaintiff cannot demonstrate a likelihood of prevailing on the merits.

## 2. Each Claim Is Barred By the Statute of Limitations

Plaintiff cannot demonstrate a likelihood of prevailing on the merits for the additional reason that all of his claims are time-barred. Plaintiff's claims have a statute of limitations of either two or three years. *See* CCP § 338(d) (3 years statute of limitations for claims based on fraud); CCP §335.1 (2 years statute of limitations for abuse of process, intentional infliction of emotional distress and negligent infliction of emotional distress); *see also Soliman v. CVS RX Servs.*, 570 F. App'x 710, 712 (9th Cir. 2014) (fraud 3 year statute of limitations); *United States v. Gorski*, No. CV 11-4252 AG, 2012 U.S. Dist. LEXIS 196349, at *10 (C.D. Cal. Mar. 22, 2012) (abuse of process 2 year statute of limitations); *Bitarafan v. Claremont Police Dep't*, No. 2:24-cv-03283-SVW-PVC, 2025 U.S. Dist. LEXIS 31894, at *7 (C.D. Cal. Jan. 3, 2025) (intentional infliction of emotional distress 2 year statute of limitations); *Id.* (negligent infliction of emotional distress 2 year statute of limitations); *Wu v. Sunrider Corp.*, No. 17-4825 DSF (SSx), 2018 U.S. Dist. LEXIS 227591, at *13 (C.D. Cal. May 22, 2018) (statute of limitations for unjust enrichment depends on the underlying claim and is generally two years, but when based on fraud three years).

Plaintiff alleges that between August 13, 2012 and March 26, 2015, Defendant

- 15 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

made misrepresentations in court proceedings about his contacts with the State of New Jersey which caused the claims brought against him to be dismissed for lack of personal jurisdiction and prevented Plaintiff from "advancing [his] case, publicly or through the legal system." Comp., ¶¶ 15-20, 28-33, 86-89; 93-96, 102-103, 111-115, 120-122. According to Plaintiff's allegations, he was aware of the alleged misrepresentations as early as 2012 and no later than December 2014 when he purportedly obtained "newly discovered evidence indicating Defendant Carter's owning multiple properties in New Jersey, contradicting earlier assertions and affirming that the court possessed jurisdiction, [*sic*] was not given its due process" and resulting in dismissal of the lawsuit on March 26, 2015. *Id.*, ¶¶ 30, 33. As such, Plaintiff's claims should have been brought no later than March 2017 and March 2018 (fraud only) and his May 2025 complaint is years too late.

Similarly, even to the extent Plaintiff's claims are based on his allegations about the January 13, 2022 "court issued injunction barring Plaintiff [] from filing any complaints or applications in the trial court and throughout the State of New Jersey", *id.*, ¶¶ 39-40, they are still time-barred and should have been brought by January 2024 or January 2025 (fraud only).  Defendant also notes that the injunction was issued pursuant to the court's *sua sponte* order to show cause based upon Plaintiff's history of "frivolous and vexatious" filings, so any claim that Defendant played a role in that order or can be liable in tort for its issuance is contradicted by the order itself. RJN, Ex. G (January 13, 2022 Order), p. 3.

Because Plaintiff's claims are all time-barred, he has no probability of prevailing and the Court should grant Defendant's motion pursuant to CCP §425.16 *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 682-689 (2005); *Trinity Christian Ctr. of Santa Ana, Inc. v. McVeigh*, No. SACV 13-1334 DOC (RNBx), 2013 U.S. Dist. LEXIS 157125, at *24 (C.D. Cal. Oct. 31, 2013), *aff'd*, 637 F. App'x 339 (9th Cir. 2016) (granting anti-SLAPP motion

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   because there was no probability of prevailing when statute of limitations had run).

2   ###  C.     Defendant Is Entitled to His Fees and Costs

3   A prevailing anti-SLAPP movant "shall be entitled to recover his or her

4   attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c). Ninth Circuit courts

5   consistently hold that "California anti-SLAPP motions to strike and entitlement to fees

6   and costs are available to litigants proceeding in federal court, and that these

7   provisions do not conflict with the Federal Rules of Civil Procedure." *Thomas v. Fry's*

8   *Elecs., Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005) (citing *United States ex rel.*

9   *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999);

10  *Keller v. Elec. Arts Inc. (In re NCAA Student-Athlete Name & Likeness Licensing*

11  *Litig.)*, 724 F.3d 1268, 1272 (9th Cir. 2013). Defendant should therefore be awarded

12  his reasonable fees and costs in an amount to be determined pursuant to a subsequent

13  filing.

14  ## VI.  THE COMPLAINT FAILS TO PLEAD PLAUSIBLE CLAIMS

15  In addition, each claim should be dismissed with prejudice pursuant to Federal

16  Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because the Complaint fails to

17  allege any plausible claim. Under Rule 12(b)(6), a party may bring a motion to

18  dismiss for failure to state a claim upon which relief can be granted. To survive a

19  motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is

20  plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 (2009). "The

21  plausibility standard is not akin to a 'probability requirement,' but it asks for more

22  than a sheer possibility that a defendant has acted unlawfully. Where a complaint

23  pleads facts that are 'merely consistent with' a defendant's liability, it stops short of

24  the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S.

25  at 678 (quoting *Twombly*, 550 U.S. at 556). Courts are not required, however, "to

26  accept as true allegations that are merely conclusory, unwarranted deductions of fact,

27  or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Cir. 2008) (internal citation and quotation omitted). Courts also need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Under this standard, in addition to the litigation privilege and statute of limitations arguments set forth in Section V *supra* which also support dismissal with prejudice pursuant to Rule 12(b)(6),[5] Plaintiff's claims are implausible.

### A.    Plaintiff's Deceit by Concealment Claim Should Be Dismissed

In addition to being barred by the litigation privilege and because it is untimely, *see* Section V.B *supra,* the Complaint fails to plead facts sufficient to state a plausible claim for deceit by concealment. "To state a claim for fraudulent concealment, Plaintiffs must allege '1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *In re Ronduen*, No. EDCV 23-481 JGB (SHKx), 2023 U.S. Dist. LEXIS 116337, at *30-31 (C.D. Cal. July 6, 2023) (citations omitted).

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") imposes a heightened pleading standard where a complaint alleges fraud or mistake. Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

---

5 *Morales v. Coop. of Am. Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999) (affirming order granting a motion to dismiss pursuant to Rule 12(b)(6) because the suit was barred by the litigation privilege); *Cappuccio v. Cal. State Univ.*, No. 8:23-cv-02026-FWS-DFM, 2024 U.S. Dist. LEXIS 220648, at *20 (C.D. Cal. Dec. 5, 2024) (granting Rule 12(b)(6) motion to dismiss because plaintiff's claim was time-barred by the statute of limitations)

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

person's mind may be alleged generally." *Id.* To state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation and quotation omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's deceit claim fails to satisfy this standard. The Complaint alleges that Defendant "concealed material facts regarding his contacts with the State of New Jersey" and vaguely references "ownership of real property within the state", "filing of New Jersey tax records", and "other financial and legal connections directly relevant to establishing personal jurisdiction in related court proceedings." Compl. ¶ 86. But Plaintiff never alleges what fact(s) were purportedly concealed, when or how, or that they were concealed from Plaintiff. The lack of specificity regarding the purportedly concealed facts requires dismissal. *See Bailey v. Nationstar Mortg., LLC*, No. 2:13-cv-2166-JAM-CMK, 2014 U.S. Dist. LEXIS 121415, at *17 (E.D. Cal. Aug. 28, 2014), reported and adopted, 2014 U.S. Dist. LEXIS 150128, at *1 (E.D. Cal. Oct. 22, 2014) (granting motion to dismiss fraudulent concealment claim without leave to amend where "Plaintiff's allegations as to what the defendants concealed [was] unclear."); *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, No. SACV 12-0568 DOC (JPRx), 2012 U.S. Dist. LEXIS 99823, at *20 (C.D. Cal. July 17, 2012) (dismissing plaintiff's fraud claim because plaintiffs did not allege "which document or representation contained defendant['s] intentions that were allegedly concealed"); *Bell v. Fed. Home Loan Mortg. Corp.*, No. 11-CV-2514-MMA(RBB), 2012 U.S. Dist. LEXIS 62970, at *17 (S.D. Cal. May 4, 2012) (dismissing fraudulent claim based on concealment of facts because "averments that [defendant] generally concealed

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

information and induced reliance, without attendant allegations of dates, times, places, and participants are insufficient to satisfy Rule 9(b)'s particularity requirement."); *Hart v. Bayview Loan Servicing*, No. 2:16-cv-01309-CAS(AFMx), 2016 U.S. Dist. LEXIS 94783, at *21 (C.D. Cal. July 18, 2016) (dismissing fraudulent concealment claim because plaintiffs "fail[ed] to allege with sufficient particularity the 'who, what, when, where and how' regarding the alleged fraudulent concealment of facts underlying the foreclosure sale.")

In addition, whatever the alleged concealed facts were, they were not concealed from Plaintiff who was apparently aware of them no later than December 2014 when he filed a lawsuit based on purported newly discovered evidence revealing the concealed facts. Comp., ¶¶ 30-33. Plaintiff cannot assert a fraud claim based on the concealment of facts that he was aware of. *Shapiro v. AT&T Mobility, LLC*, No. 2:19-CV-8972-CBM-(FFMx), 2021 U.S. Dist. LEXIS 245727, at *11 (C.D. Cal. Sep. 30, 2021) (dismissing with prejudice cause of action for concealment based in part on "fail[ure] to allege sufficient facts that he was 'unaware of the [alleged undisclosed] fact'") (modification in original).

Plaintiff's fraud claim fails for the additional reason that the Complaint fails to allege a duty that Defendant owed to *Plaintiff* to disclose the allegedly suppressed facts. A duty to disclose arises in four limited circumstances. *Matyas v. Summerkids, Inc.*, No. LA CV21-04163 JAK (JDEx), 2023 U.S. Dist. LEXIS 195393, at *22 (C.D. Cal. Apr. 19, 2023). They are: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Id*. None is alleged here. Instead, Plaintiff appears to be alleging that Defendant (or his counsel) had a duty to the *court* and by virtue of that duty, Defendant owed Plaintiff a duty. Compl., ¶ 87. However, to satisfy the

- 20 -

1  duty to disclose element, the duty must exist between the plaintiff and the defendant.

2  *Matyas*, 2023 U.S. Dist. LEXIS 195393 at \*23 (collecting cases finding that the duty

3  to disclose must be between the plaintiff and the defendant, not others).

4  **B.  <u>Plaintiff's Abuse of Process Claim Should Be Dismissed</u>**

5  In addition to being barred by the litigation privilege and because it is untimely,

6  *see* Section V.B *supra,* the Complaint fails to plead facts sufficient to state a plausible

7  claim for abuse of process. "To succeed in an action for abuse of process, a litigant

8  must establish that the defendant (1) contemplated an ulterior motive in using the

9  process, and (2) committed a willful act in the use of the process not proper in the

10  regular conduct of the proceedings." *Class Int'l, Inc. v. Toolman Prods., Inc*., No.

11  8:25-cv-00010-JDE, 2025 U.S. Dist. LEXIS 87523, at \*20-21 (C.D. Cal. May 7,

12  2025), *citing JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1522, 141 Cal.

13  Rptr. 3d 338 (2012) (citation omitted). Under California law, "the mere filing or

14  maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an

15  abuse of process action." *SolMark Int'l, Inc. v. Galvez*, 2021 U.S. Dist. LEXIS

16  201280, 2021 WL 4813252, at \*5 (C.D. Cal. Aug. 23, 2021) (*quoting JSJ Ltd. P'ship*,

17  205 Cal. App. 4th at 1523); *Microsoft Corp. v. A-Tech Corp*., 855 F. Supp. 308, 312

18  (C.D. Cal. 1994) ("There is little doubt . . . that an abuse of process claim does not

19  exist simply as a result of filing the main action or lawsuit, even if the filing has an

20  improper purpose."). The improperly motivated judicial process must be accompanied

21  by "some definite act or threat." *IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co*.,

22  2015 U.S. Dist. LEXIS 190451, 2015 WL 13357602, at \*6 (C.D. Cal. Mar. 20, 2015)

23  (citation omitted).

24  The alleged abuse of process was Defendant's *successful* jurisdictional defense,

25  which the New Jersey court found had merit even after considering Plaintiff's alleged

26  newly discovery evidence to the contrary. Compl., ¶¶ 30-33; 94, 95. Because

27  participating in litigation is not an abuse of process, Plaintiff's abuse of process claim

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

fails as a matter of law. *See Auto. Prods., plc v. Tilton Eng'g*, CV 90-5500 KN (Ex), 1993 U.S. Dist. LEXIS 3752, at *12 (C.D. Cal. Jan. 21, 1993) (finding the asserting frivolous claims and even filing false declarations is not an abuse of process).

## C. <u>Plaintiff's Intentional Infliction of Emotional Distress Claim Should be Dismissed</u>

In addition to being barred by the litigation privilege and because it is untimely, *see* Section V.B *supra*, the Complaint fails to plead facts sufficient to state a plausible claim for intentional infliction of emotional distress ("IIED"). To state a cause of action for intentional infliction of emotional distress, there must be (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering of severe or extreme emotional distress; and (3) actual and proximate causation. *Cuellar v. Seiu-Usww*, No. 2:22-cv-01359-SPG-MAA, 2022 U.S. Dist. LEXIS 246500, at *23 (C.D. Cal. Oct. 4, 2022).

An IIED claim requires conduct that is so outrageous, nobody in a civil society should be expected to tolerate it. *Id*. Here, the alleged extreme and outrageous conduct is Defendant's assertion of a successful jurisdictional defense in response to the litany of "frivolous and vexatious" filings of Plaintiff and related Plaintiff Ms. Coley. Compl., ¶ 103; RJN, Ex. G (January 13, 2022 Order). Defendant's exercise of his constitutional right to defend himself in litigation is not extreme and outrageous conduct. Regardless, even a misrepresentation in a court filing will not support a claim for intentional infliction of emotional distress. *See Thornbrough v. W. Placer Unified Sch. Dist*., No. 2:09-cv-02613-GEB-GGH, 2010 U.S. Dist. LEXIS 53136, at *24-25 (E.D. Cal. May 27, 2010), *quoting Cantu v. Resolution Trust Corp.,* 4 Cal. App. 4th 857, 888 n.14 (1992) (The plaintiff could "state no cause of action for intentional infliction of emotional distress, even if defendants submitted perjurious and malicious declarations or pleadings.")

In addition, the Complaint fails to allege sufficient facts regarding the emotional distress allegedly suffered. Plaintiff's conclusory allegations of emotional harm, Compl., ¶ 106, fail to allege facts establishing "severe distress." "Severe distress is 'emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it.'" *Kisty v. Avalonbay Cmtys., Inc.*, No. 2:23-cv-00427-RGK-PLA, 2023 U.S. Dist. LEXIS 80410, at *5 (C.D. Cal. Mar. 10, 2023). While Plaintiff may disagree with court orders, being a dissatisfied litigant is not severe distress. Plaintiff's claim also fails on the causation element as the cause of the alleged harm is court orders, not an affirmative act of Defendant. Compl., ¶103.

### D.   Plaintiff's Negligent Infliction of Emotional Distress Claim Should be Dismissed

In addition to being barred by the litigation privilege and because it is untimely, *see* Section V.B *supra*, the Complaint fails to plead facts sufficient to state a plausible claim for negligent infliction of emotional distress ("NIED"). "The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages." *Zoladz v. AGA Serv. Co.*, No. 2:24-cv-00584-JLS-SK, 2024 U.S. Dist. LEXIS 209648, at *9 (C.D. Cal. Oct. 9, 2024). "[T]here is no independent tort of negligent infliction of emotional distress," and the "duty to avoid negligently causing emotional distress to another" arises only if there is a special relationship between the plaintiff and defendant. *Id.*, at *9 (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984-85 (1993)).

There is no applicable special relationship here. A duty of care may arise through statute, contract, or a special relationship between the parties. *Radus Tek Servs. v. IDC Techs. Inc.*, 767 F. Supp. 3d 972, 979 (N.D. Cal. 2025). Plaintiff alleges that Defendant owed him a duty "[a]s [his] biological father", but that claim was rejected "as a matter of law." Ex. B (July 16, 2010 Order); Ex. D (April 23, 2013

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Order), pp. 1-2.  In addition, like his IIED claim, Plaintiff fails to allege the required severe distress and causation. *Kisty*, 2023 U.S. Dist. LEXIS 80410, at *5 ("Both NIED and IIED require that the plaintiff's emotional distress be severe.")

### E.    Plaintiff's Unjust Enrichment Should be Dismissed

"[I]n California, there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotes omitted) (*citing Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010); *Jogani v. Superior Court*, 165 Cal. App. 4th 901 (2008)); *HKM Enters., Inc. v. Parsons Gov't Servs.*, No. 2:23-cv-10592-MEMF-PD, 2025 U.S. Dist. LEXIS 33808, at *35 (C.D. Cal. Feb. 25, 2025). As such, this claim should be dismissed.

Defendant acknowledges that in some circumstances—none of which apply here[6]—the Ninth Circuit has "construed the common law to allow an unjust enrichment cause of action through quasi-contract." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *see also Astiana*, 783 F.3d at 762 ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'") (citation omitted).

Even if the Court construes Plaintiff's unjust enrichment claim as a quasi-contract claim, in addition to being barred by the litigation privilege and because it is untimely, *see* Section V.B *supra*, the Complaint fails to plead facts sufficient to state a plausible claim for unjust enrichment. "To allege unjust enrichment as an independent

---

[6] "[Q]uasi-contract claim typically involves a plaintiff seeking the return of a benefit that the defendant had unjustly gained through 'mistake, fraud, coercion, or request.'" *Souter v. Edgewell Pers. Care Co.*, No. 20-CV-1486 TWR (BLM), 2022 U.S. Dist. LEXIS 28386, at *34 (S.D. Cal. Feb. 16, 2022) (quoting *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015)). "Absent fraud, Plaintiff has no claim for unjust enrichment." (*Myers-Taylor v. Ornua Foods N. Am., Inc.*, No. 3:18-cv-01538-H-MDD, 2019 U.S. Dist. LEXIS 17678, at *15 (S.D. Cal. Feb. 4, 2019 ("[T]o succeed in an unjust enrichment claim, a plaintiff must show some fraud.").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners*, 828 F.3d at 1038 (citation omitted). "The fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (citation omitted). Here, the alleged benefit is the "retaining [of] funds [Defendant] would likely have been obligated to pay in child and education support." Compl., ¶ 122. However, Plaintiff apparently received support from someone else pursuant to a court order. RJN, Ex. D, p. 1 (April 23, 2013 Order); Ex. E (September 17, 2013 Order), ¶ 4. In addition, because the claim is based on the same allegations as Plaintiff's fraud claim, Compl., ¶¶ 120-121, it must be dismissed for the same reasons the fraud claim should be dismissed. *Smith v. Intel Corp.*, 745 F. Supp. 3d 853, 865 (N.D. Cal. 2024) (restitution based on fraud fails when fraud claim fails); *see also supra* footnote 6.

Plaintiff's paternity claims have also been litigated—in Defendant's favor, and however Plaintiff attempts to reframe them here, they are subject to res judicata. RJN, Ex. C (April 18, 2011 Order); Ex. D (April 23, 2013 Order); Ex. E (September 17, 2013 Order). *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (Issue preclusion, also known as collateral estoppel, "bars the relitigation of issues actually adjudicated in previous litigation.")

## VII.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss the complaint with prejudice, and award Defendant fees and costs pursuant to CCP §425.16.

///

///

- 25 -

1    DATED: July 18, 2025          REED SMITH LLP

2

3                                 By: */s/ Carla M. Wirtschafter*
                                       Carla M. Wirtschafter
4                                      Allison L. Kahn
                                       Attorneys for Defendant
5                                      SHAWN COREY CARTER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CASE NO.:  2:25-cv-04251- SPG (MARx)          MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### Certification of Compliance

The undersigned, counsel of record for Defendant Shawn Corey Carter, certifies that his motion is 25 pages in length, which complies with the page limit of Rule G.2.4 in the Court's Standing Order.

DATED: July 18, 2025

REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
    Carla M. Wirtschafter

CASE NO.:  2:25-cv-04251- SPG (MARx)                    MOTION TO DISMISS AND STRIKE
SATTERTHWAITE v. CARTER