# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYMIR SATTERTHWAITE,<br><br>                Plaintiff,<br><br>    v.<br><br>SHAWN COREY CARTER,<br><br>                Defendant. | Case No. 2:25-CV-04251-SPG (MARx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S COMPLAINT AND REQUEST FOR JUDICIAL NOTICE [ECF NO. _]** |

      On July 18, 2025, Defendant Shawn Corey Carter ("Defendant") filed a motion to dismiss Plaintiff Rymir Satterthwaite's ("Plaintiff") Complaint with prejudice pursuant to Federal Rules of Civil Procedure Rules 12(b)(5), 12(b)(1) and 12(b)(6) and a motion to strike pursuant to California Code of Civil Procedure §425.16 ("Motion") as well as a Request for Judicial Notice of court orders and filings.

      Defendant seeks to dismiss the Complaint on four separate grounds.

      *First*, Defendant seeks to dismiss the Complaint with prejudice, or alternatively to quash service of process, pursuant to Rule 12(b)(5) because Defendant was never served. Plaintiff claims to have served Defendant by "U.S. Mail", but service by mail is not a valid form of service under the Federal Rules or California law and the "proof of service" filed does not identify where the service packet was purportedly mailed.

*Second,* Defendant also seeks to dismiss the Complaint with prejudice pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction to decide Plaintiff's claims under the *Rooker Feldman* doctrine. Plaintiff's lawsuit is a de facto appeal of multiple state court orders, dating back to 2010, entered in New Jersey and Pennsylvania. Indeed, Plaintiff not only asks the Court for relief that would necessitate overturning those orders, he asks the Court to declare them "null, void, unenforceable, and constitutionally invalid".

*Third,* Defendant also seeks to strike the Complaint without leave to amend pursuant to California's anti-SLAPP statute. The claims arise from Defendant's participation in litigation, which is protected activity, and Plaintiff has no possibility of prevailing on any of his claims because they are barred by the litigation privilege and they are untimely.

*Fourth,* Defendant also seeks to dismiss the Complaint with prejudice pursuant to Rule 12(b)(6) because the allegations fail to plead any plausible claim. Even accepting the well-pled allegations as true, Plaintiff has not satisfied his pleading burden. In fact, the allegations confirm Plaintiff's claims are fatally doomed because, at bottom, Plaintiff seeks to hold Defendant liable in tort for defending himself in lawsuits that Plaintiff and related Plaintiff Lillie Coley brought against him and for orders issued by various courts, neither of which can form the basis for the legal claims asserted.

The Court, having considered the Parties' briefing and argument regarding the Motion, all materials incorporated by reference, all judicially noticeable material submitted in support thereof and in opposition thereto, and all other papers and pleadings filed in this matter, hereby GRANTS the Motion and ORDERS as follows:

1. The Court GRANTS Defendant's Request for Judicial Notice of Exhibits B-I;

2. The Court GRANTS with prejudice Defendant's Motion to Dismiss the Complaint pursuant to Rule 12(b)(5) for insufficient service of process;

3. The Court GRANTS with prejudice Defendant's Motion to Dismiss the Complaint, and all causes of action therein, pursuant to Rule 12(b)(1) for lack of jurisdiction;

4. The Court GRANTS the Defendant's Anti-SLAPP Motion to Strike Plaintiff's Complaint and strikes, without leave to amend, all causes of action therein, pursuant to California Code of Civil Procedure section 425.16, on the grounds that (i) Plaintiff's claims arise from Defendant's participation in litigation, a protected activity, and (ii) Plaintiff cannot meet his burden to establish a reasonable probability that his will prevail on his claims because they are barred by the litigation privilege and statute of limitations;

5. As the prevailing party on an anti-SLAPP motion, Defendant is entitled to attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16(c). Accordingly, Defendant may file a motion for attorneys' fees and costs with ___ days of this Order; and

6. The Court GRANTS with prejudice Defendant's Motion to Dismiss the Complaint, and all causes of action therein, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated:

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE