# EXHIBIT D

J-S07034-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WANDA SATTERTHWAITE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN CARTER, | |
| Appellant | No. 1767 EDA 2012 |

Appeal from the Order of June 14, 2012,
in the Court of Common Pleas of Philadelphia County,
Domestic Relations at No. DR. No. 0C1001054

BEFORE: OLSON, WECHT and COLVILLE*, JJ.

MEMORANDUM BY COLVILLE, J.:        **FILED APRIL 23, 2013**

Appellant Shawn C. Carter appeals from the order which granted the petition of Appellee Wanda Satterthwaite to vacate orders denying her petitions for genetic testing to determine the paternity of Appellee's biological child ("the child"). We reverse the order.

The relevant facts are as follows. In June 2010, Appellee filed two motions for genetic testing to determine the paternity of the child, one naming Appellant and the second naming another individual, Robert Graves ("Graves"), who had previously been identified as the father of the child and had been ordered to pay for the support of the child. On July 16, 2010, the court denied Appellee's motions based on the doctrine of estoppel. In its order with respect to Appellant, the trial court stated that Appellee could not

---

*Retired Senior Judge assigned to the Superior Court.

J-S07034-13

wait seventeen years to name a second person as the father of her child when she identified another person as the father sixteen years before and never previously attempted to recant that identification. In March 2011, Appellee filed a second motion for genetic testing naming Appellant. By order dated May 19, 2011, the trial court denied this second motion for genetic testing on the basis that the matter was *res judicata* as a final order was entered in this matter on July 16, 2010.

In the meantime, on April 18, 2011, an order was entered in the support case between Appellee and Graves in the Court of Common Pleas of Dauphin County, Pennsylvania, disestablishing Graves' paternity of the child and vacating the order against Graves for support of the child.

In July 2011, the child's caretaker ("Caretaker") filed a petition for paternity in the Superior Court of New Jersey naming Appellant. On July 27, 2011, the Superior Court of New Jersey denied the petition for paternity finding that Pennsylvania had jurisdiction regarding paternity.[1]

On April 27, 2012, Appellee filed a petition to vacate the orders of July 16, 2010 and May 19, 2011.[2] The court heard argument on this matter on May 15, 2012. Thereafter, the trial court granted Mother's petition and vacated the July 16, 2010, and May 19, 2011, orders. Appellant's timely appeal followed.

---

[1] Caretaker was awarded custody of the child by separate order.
[2] Caretaker also filed a petition to vacate said orders.

- 2 -

J-S07034-13

"A judgment entered in an adverse proceeding becomes final if no appeal therefrom is filed within thirty days." ***Orie v. Stone***, 601 A.2d 1268, 1270 (Pa. Super. 1992); ***see also*** Pa.R.A.P. 903(a) (setting forth time for appeal). Pursuant to 42 Pa.C.S.A. § 5505, a court may modify or rescind an order within thirty days of its entry.[3] After thirty days, a court's ability to modify or vacate a final order is limited as follows:

> Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, the discretionary power of the court over such judgments is very limited. Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court."

***Orie***, 601 A.2d at 1270.

The trial court determined that it had the authority to vacate the July 16, 2010, and May 19, 2011, orders after thirty days based on extraordinary cause, specifically, the "after-discovered evidence" disestablishing Graves' paternity of the child. Trial Court Opinion, 06/14/12, at 5. Appellant argues

---

[3] This statute provides that, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

- 3 -

J-S07034-13

this fact did not constitute extraordinary cause to justify vacating the trial court's final orders in this case.[4] We agree. As this Court has stated:

> The extraordinary cause . . . is generally an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.

*Id.* at 1272 (internal citation omitted). We do not find that the "after-discovered evidence" here constituted extraordinary cause as described above or otherwise so as to justify vacating the orders at issue more than thirty days after they were entered. Thus, we find that the trial court had no jurisdiction to vacate said orders. Accordingly, we reverse the order granting Appellee's petition to vacate said orders.[5]

Order reversed. Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Prothonotary

Date: 4/23/2013

---

[4] Whether the trial court had jurisdiction presents a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. **See Reott v. Asia Trend, Inc.**, 55 A.3d 1088, 1093 (Pa. 2012).

[5] Our disposition obviates the need to address Appellant's second issue on appeal, that the trial court did not have jurisdiction to consider Appellee's petition because an action to establish paternity must be commenced within eighteen years of the date of the birth of the child.

- 4 -