# EXHIBIT F

[Doc. No. 8]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>S.C., et al.,<br><br>        Defendants. | Civil No. 17-11751 (NLH/JS) |

O R D E R[1]

This matter is before the Court on the "Motion to Seal" ("motion") [Doc. No. 8] and the December 22, 2017 Letter Request [Doc. No. 10] filed by defendant, S.C. (hereinafter, "defendant"). Defendant seeks to redact and seal certain portions of plaintiff's Notice of Removal [Doc. No. 1]; the addendum to the Notice of Removal [Doc. No. 2]; attachments to defendant's Motion to Seal [Doc. No. 7]; and the Certification in Support of defendant's motion [Doc. No. 27].[2] Specifically, defendant seeks to redact and

---

[1] In accordance with an order entered in a related New Jersey state court case, the parties were identified only by their initials. See Aug. 13, 2012 State Court Sealing Order [Doc. No. 6]. The Court will follow this practice in this Order and identify the parties only by their initials.

[2] The specific redactions are set forth in Exhibits A through O to the Decl. of Kenneth L. Winters, Esquire [Doc. No. 8]. In his motion, defendant also requested to redact and seal portions of his letter to the Court dated December 4, 2017. [Doc. No. 6]. However, the letter was not filed under temporary seal nor was any request made to temporarily seal the letter. In any event, the Court reviewed the letter and finds it does not meet the criteria

1

seal any portion of the materials that has the potential to reveal the identities of the parties, such as full names and addresses. The Court received the opposition of plaintiff, L.C. (hereinafter, "plaintiff") [Doc. Nos. 13, 21, 25 and 29], and defendant, W.S. [Doc. Nos. 16 and 20], as well as S.C.'s reply [Doc. No. 26]. The Court held oral argument on the motion on February 13, 2018.[3] For the reasons to be discussed, defendant's motion is GRANTED.

**Background**

In 2010, W.S. filed two petitions in Pennsylvania state court seeking to establish paternity of her son, R.S. Specifically, W.S. sought paternity testing. See Appellate Division Opinion [Doc. No. 1, pg. 26]; Pennsylvania State Court Opinion and Order, [Doc. No. 2, Pgs. 42-61]. The Pennsylvania Court entered two orders dated July 16, 2010 and May 19, 2011, denying the petitions. Id.

In 2012, plaintiff filed a complaint in New Jersey family court against defendant seeking child support and to establish the paternity of R.S. See Compl. [Doc. No. 2, pgs. 5-8].[4] The matter was pending before the Honorable Edward M. McBride, Jr., J.S.C. Because the matter before him involved a paternity issue, Judge

---

to seal set forth in L. Civ. R. 5.3. Accordingly, the Court does not consider the letter [Doc. No. 6] in this Order.

[3] On the day of oral argument the Court received a letter from W.S. indicating she would not be able to attend. She stated the Court could use her response to the motion on file to make its decision. [Doc. No. 31]. W.S. is not prejudiced by her non-appearance because the Court is considering her written submissions.

[4] Although unclear from the record, the parties agreed that at some point plaintiff became the legal guardian of R.S.

McBride entered an order dated August 13, 2012, closing the courtroom and sealing the record pursuant to N.J.S.A. 9:17-42 and New Jersey Court Rule 5:3-2. See Aug. 13, 2012 State Court Sealing Order. On the same day, Judge McBride also entered an order dismissing the New Jersey family court action for lack of subject matter jurisdiction and lack of personal jurisdiction over defendant. See State Court Order of Dismissal [Doc. No. 1, pg. 20]. Plaintiff filed a motion for reconsideration of the Order which was denied on December 14, 2012. See State Court Order Denying Reconsideration [Doc. No. 1, pg. 21].

Almost two years later, on September 26, 2014, plaintiff filed a motion under the New Jersey family court docket number seeking to vacate the August 13, 2012 Dismissal Order, alleging fraud and attorney collusion by defendant. See November 17, 2014 State Court Order, [Doc. No. 1, pg. 22]; Appellate Division Opinion [Doc. No. 1, pgs. 24-28]. On November 17, 2014, the family court denied the motion to vacate, again determining it lacked subject matter and personal jurisdiction, stating that the issues were previously litigated in Pennsylvania state court. Id. Plaintiff appealed the November 17, 2014 family court Order. See Appellate Division Opinion.

On March 8, 2017, the New Jersey Appellate Division affirmed the dismissal, finding the two final Orders entered by the Pennsylvania Court on July 16, 2010 and May 19, 2011 denying W.S.'s petitions for genetic testing were binding on the trial court in

New Jersey. Id. The Court stated, "L.C., asserting claims as R.S.'s representative, is bound by the result under the doctrine of collateral estoppel." [5] Id. Plaintiff petitioned the New Jersey Supreme Court for certification and the petition was denied on October 26, 2017. See Supreme Court Order [Doc. No. 1, pg. 30].

Plaintiff then filed a petition of removal to this Court. [Doc. No. 1]. On November 27, 2017, this action was dismissed by the Honorable Noel L. Hillman, U.S.D.J. [Doc. No. 3]. Judge Hillman denied plaintiff's in forma pauperis petition "due to sufficient monthly income." Id. The case was also dismissed because L.C. is the plaintiff in the action and cannot remove the action to federal court. Id. Judge Hillman's Order provided, "if plaintiff wishes to file an original action in this Court, she may do so if she pays the applicable fees." Id. It was further Ordered, "that the Clerk shall unseal the action," and "mark this matter as closed." Id. Defendant subsequently filed his motion [Doc. No. 8] and letter [Doc. No. 10] seeking to redact and seal certain portions of the record.

**Discussion**

It is well-established there exists "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Thus,

---

[5] In its opinion, the Appellate Division also noted that R.S. had filed his own unsuccessful paternity suit in New Jersey state court.

a party seeking to seal information associated with a judicial proceeding must demonstrate "good cause." <u>Securimetrics, Inc. v. Iridian Techs., Inc.</u>, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). In the New Jersey family court proceedings, Judge McBride entered an order sealing the action, determining it fell within the purview of N.J.S.A. 9:17-42, and therefore, must be sealed. N.J.S.A. 9:17-42 concerns proceedings involving parentage and states,

> [A]ny action or proceeding held under this act shall be held in closed court without admittance of any person other than those necessary to the action or proceeding. All papers and records and any information pertaining to an action or proceeding held under this act which may reveal the identity of any party in an action . . . are confidential and are subject to inspection only upon consent of the court and all parties to the action who are still living, or in exceptional cases only upon an order of the court for compelling reason clearly and convincingly shown.

Here, defendant contends that materials included in the record in this action are the subject of the state court sealing order and this Court should give effect to the state court order. Def.'s Br. at 3 [Doc. No. 8-20]. Defendant also contends even if the Court declines to give effect to Judge McBride's Order, plaintiff's filings in the present matter fall within the scope of N.J.S.A. 9:17-42 and the Court should give effect to the statute. <u>Id.</u> Specifically, defendant seeks to redact and seal portions of the materials that will disclose to the public the identities of the parties to the action in accordance with N.J.S.A. 9:17-42. In

order to protect the identities of the parties pursuant to N.J.S.A. 9:17-42, defendant seeks the redaction of full names, signatures, dates of birth, email addresses, home and business addresses and phone numbers of the parties. See Exs. A, C, G, I, K, M, O and Q to Mot.[6]

This Court will give effect to Judge McBride's determination and Order. 28 U.S.C. § 1738 requires that federal courts give the same effect to state court judgments and orders that those judgments and orders would be given in the courts of the state from which the judgments and orders emerged. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). Judge McBride examined the issue and determined the state court case fell within the purview of N.J.S.A. 9:17-42, and accordingly, sealed the proceedings.

Because the action removed to this Court is the same action that was before Judge McBride, the question whether the matter falls within the purview of N.J.S.A. 9:17-42 has already been examined and determined by Judge McBride. Thus, pursuant to 28 U.S.C. § 1738, this Court will afford full effect to Judge McBride's determination and order. See also Resolution Trust Corp. v. Castellett, 156 F.R.D. 89, 96 (D.N.J. 1994) (finding 28 U.S.C. § 1738 required the court to afford full faith and credit to a

---

[6] In this matter, there was no request by defendant to seal the entire docket. Defendant sought only to redact and seal limited portions that could reveal the identities of the parties.

state court ruling sealing documents pursuant to a New York state statute).

Further, after a state court action is removed to federal court, orders that were previously entered in the state case remain in full force and effect until dissolved or modified by the district court. 28 U.S.C. § 1450. "[O]rders or judgments entered by the state court prior to removal should be treated as orders or judgments entered by the district court." Tehan, D.M.D. v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 547 (D.N.J. 2000). Because plaintiff removed her family court action to this Court, Judge McBride's Sealing Order remained in full force and effect upon removal and will be treated as an order entered by this Court.

At oral argument, plaintiff asserted that this matter does not fall within the purview of N.J.S.A. 9:17-42 because the case does not involve an issue of paternity but instead an issue of fraud. However, plaintiff's contention is not supported by the Petition of Removal she filed. Plaintiff removed her family court action in which the complaint sought paternity testing and support for R.S. See Compl. [Doc. No. 2, pgs. 5-8]. While plaintiff's motion to vacate the dismissal order in family court alleged fraud and attorney collusion on the part of defendant, the motion did not transform the essence of the matter from paternity to fraud. There are no allegations of fraud in the complaint plaintiff removed to federal court. An action seeking paternity testing and

7

child support falls under the Uniform Parentage Act and the statute requires the proceedings be shielded from public access. The Court will not permit plaintiff to avoid Judge McBride's Order by calling a paternity case a fraud case.

The Court further finds N.J.S.A. 9:17-42 mandates public access to the subject matter be restricted. In this District, motions to seal are governed by L. Civ. R. 5.3. The Rule sets forth the requisite procedures to be followed and showings to be made before materials may be sealed. However, the Rule makes clear the procedures set forth "shall not apply to any materials or judicial proceedings which must be sealed or redacted pursuant to statute or other law." L. Civ. R. 5.3(a)(3). Here, because N.J.S.A. 9:17-42 applies, the subject materials must be sealed.

N.J.S.A. 9:17-42 requires records pertaining to actions under the Uniform Parentage Act, N.J.S.A. 9:17-38 to -59, are to remain confidential. Specifically, the statute states, "any action or proceeding held under this act shall be held in closed court." N.J.S.A. 9:17-42 (emphasis added). Accordingly, the sealing of such proceedings is mandatory pursuant to the statute. In the state action plaintiff removed to this Court, plaintiff sought child support and to establish paternity over R.S. Such an action falls under the Uniform Parentage Act, and thus, N.J.S.A. 9:17-42 mandates public access should be restricted.

The Court recognizes that Judge Hillman's November 27, 2017 Order unsealed the papers filed in the case. However, when the

Order was issued, defendant had not yet filed his motion to seal. Therefore, Judge Hillman did not have occasion to examine the applicability of N.J.S.A. 9:17-42 and New Jersey Court Rule 5:3-2. Judge Hillman also did not have before him Judge McBride's August 13, 2012 Sealing Order. The motion papers and exhibits now before the Court give it sufficient grounds to decide whether S.C.'s motion should be granted.

Accordingly for the foregoing reasons,

IT IS HEREBY ORDERED this 27th day of February, 2018, that defendants' "Motion to Seal" [Doc. No. 8] and the December 22, 2017 Letter Request [Doc. No. 10] are GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal the Notice of Removal [Doc. No. 1]; the addendum to the Notice of Removal [Doc. No. 2]; attachments to the Motion to Seal [Doc. Nos. 7-4, 7-7, 7-10, 7-13, 7-20]; and the Certification in Support [Doc. No. 27]; and it is further

ORDERED that to the extent not already done, defendant, S.C., shall file a redacted copy of Doc. Nos. 1, 2, 7-4, 7-7, 7-10, 7-13, 7-20 and 27 in accordance with this Order by March 13, 2018.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge