# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIE COLEY,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs, pro se* | : | |
| | : | NO. 24-1025 |
| v. | : | |
| | : | |
| **NEW JERSEY SUPREME COURT,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 14th day of August 2024, upon consideration of Defendants' *motion to dismiss for lack of personal jurisdiction*, (ECF 14), Plaintiffs' response in opposition, (ECF 15), Defendants' reply, (ECF 20), and the allegations in the complaint, (ECF 1), it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, and this matter is **DISMISSED** for lack of personal jurisdiction.[1]

---

[1] Plaintiffs Lillie Coley ("Plaintiff Coley"), Rymir Satterthwaite, Wanda Satterthwaite, and Robert Graves (collectively, "Plaintiffs"), proceeding *pro se*, filed a complaint against numerous defendants, including the New Jersey Supreme Court, the New Jersey Superior Court Family Division, the New Jersey Superior Court, the New Jersey Appellate Court, the Administrative Office of the Courts, and various individual New Jersey state judges (collectively, "Defendants"), challenging various orders issued by the New Jersey state courts in proceedings involving Plaintiffs that occurred between June 2011 and February 2015. In particular, Plaintiff Coley — who appears to be litigating this matter on behalf of the other *pro se* plaintiffs — directs her challenges towards a purported "gag order" issued in the state court proceedings that precluded her from disclosing or disseminating information about the state court proceedings to the public.

Before this Court is Defendants' motion to dismiss in which they argue that this Court lacks general and specific personal jurisdiction over them because they are not "at home" in Pennsylvania, as required by the seminal United States Supreme Court decision *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and because Plaintiffs' claims do not arise out of or relate to any contacts Defendants have or had with Pennsylvania. The issues presented in the motion have been fully briefed and are ripe for disposition. After careful consideration, and for the reasons set forth herein, Defendants' motion is granted, and this matter is dismissed for lack of personal jurisdiction.

## Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant has raised a lack of jurisdiction defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction over the non-resident defendant in the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction."). The plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum state to support the exercise of personal jurisdiction by the forum state. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

## Discussion

A federal court may assert jurisdiction over a nonresident of the forum state to the extent authorized by the law of the forum — here, Pennsylvania. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Pennsylvania's long-arm statute grants jurisdiction coextensive with that permitted by the due process clause of the Fourteenth Amendment to the United States Constitution. *Id.*; *see also* 42 Pa. Cons. Stat. § 5322(b). Therefore, this Court's analysis must focus on federal due process requirements. *Applied Tech. Int'l, Ltd. v. Goldstein*, 2004 WL 2360388, at *2 (E.D. Pa. Oct. 20, 2004). A court's constitutional inquiry is guided by the "minimum contacts" test established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff must show that a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum, *Marten*, 499 F.3d at 296.

A federal court must have one of two forms of personal jurisdiction to comport with these principles: general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–15 (1984)). In response to Defendants' motion to dismiss, Plaintiffs contend only that this Court has specific jurisdiction over Defendants. (*See* Pls.' Opp., ECF 15, at p. 9) ("Here, the Court's jurisdiction turns on specific jurisdiction . . . .").

### *Specific Jurisdiction*

Specific jurisdiction allows the court to hear claims that arise from or relate to the defendant's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8; *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). To satisfy the first element for specific jurisdiction, Plaintiffs must show that Defendants took "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351,

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

359 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). While physical entry into the forum is not required, Plaintiffs must show that Defendants "deliberately 'reached out beyond' [their] home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 359 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Second, the plaintiff's claim must "arise out of or relate to" at least one of those purposefully directed activities. *Helicopteros*, 466 U.S. at 414. For this Court to exercise specific jurisdiction over Plaintiffs' claims, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S. at 919. The United States Supreme Court has made clear that where there is no connection between a plaintiff's claims and the defendant's conduct in or aimed at the forum, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 256 (2017). Third, if the first two requirements are met, courts consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal citations omitted); *see also O'Connor*, 496 F.3d at 317.

This Court finds that Plaintiffs have failed to meet their burden with respect to the first two requirements for specific jurisdiction. Plaintiffs do not allege or proffer any activities on the part of Defendants that were directed at the forum state, Pennsylvania. All of the conduct alleged in the complaint and attributed to Defendants occurred in New Jersey with respect to judicial matters pending in New Jersey. Plaintiffs' contention that Defendants instructed Plaintiffs to obtain transcripts from Pennsylvania and proposed that some of the underlying New Jersey litigation be litigated in Pennsylvania does not satisfy the requisite contacts ***by Defendants*** with Pennsylvania or activities ***by Defendants*** directed at Pennsylvania. At best, these alleged contacts with Pennsylvania were the contacts of Plaintiffs, not Defendants. Further, Plaintiffs' claims against Defendants do not arise out of or relate to any of Defendants' contacts with Pennsylvania. Indeed, all of Plaintiffs' claims are premised on Defendants' alleged conduct during court proceedings occurring in New Jersey. Plaintiffs provide no connection between their claims and any contacts Defendants had with Pennsylvania. As such, Plaintiffs have failed to meet their burden with respect to specific jurisdiction. Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is granted, and this matter is dismissed.