# EXHIBIT I

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **LILLIE COLEY,** *et al.*, | **Case No. 24–cv–10724–ESK–EAP** |
| **Plaintiffs,** |  |
| v. | **ORDER** |
| **NEW JERSEY SUPREME COURT,** *et al.*, |  |
| **Defendants.** |  |

**THIS MATTER** having come before the Court on defendants' motion to dismiss (Motion) (ECF No. 38), and the Court having conducted a motion hearing (Hearing) (ECF No. 43) today with the parties, and for the reasons stated on the record at the Hearing;

**IT IS** on this **21st** day of **May 2025 ORDERED** that:

1.  The Motion is **GRANTED.** Plaintiffs' amended complaint (ECF No. 33) is **DISMISSED WITH PREJUDICE**.

2.  The Clerk shall mark this matter **CLOSED**.


_/s/ Edward S. Kiel_
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE

**EXHIBIT I - Page 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | |
|---|---|
| LILLIE COLEY, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>NEW JERSEY SUPREME COURT, et al.,<br><br>        Defendants. | Hon. Edward S. Kiel, U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>DOCKET NO. 1:24-cv-10724<br><br><u>Civil Action</u> |

---

**BRIEF IN SUPPORT OF THE JUDICIARY DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

---

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants,
Supreme Court of New Jersey;
Superior Court of New Jersey, Appellate
Division; Camden Vicinage, Civil and
Family Divisions; Administrative Office
of the Courts; the Hon. Deborah Silverman
Katz, A.J.S.C.; the Hon. Edward J.
McBride, Jr., P.J.Cr.; the Hon. Stephen
J. Polansky, P.J.Cv.; the Hon. Sherri L.
Schweitzer, P.J.Eq.; the Hon. Daniel
Bernardine, J.S.C.; and the Hon. Charles
W. Dortch, Jr., J.S.C.

Natalie K. Dennis
Deputy Attorney General
On the brief

EXHIBIT I - Page 2

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT............................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY........................3

STANDARDS OF REVIEW.............................................8

    A.   Fed. R. Civ. P. 12(b)(1) Standard....................8

    B.   Fed R. Civ. P. 12(b)(6) Standard.....................8

ARGUMENT.......................................................10

    POINT I

        COLEY'S CLAIMS AGAINST THE JUDICIARY DEFENDANTS ARE
        BARRED BY SOVEREIGN IMMUNITY........................10

    POINT II

        THE JUDICIARY DEFENDANTS ARE NOT "PERSONS" AMENABLE
        TO SUIT UNDER SECTION 1983..........................14

    POINT III

        COLEY'S CLAIMS AGAINST THE INDIVIDUAL JUDICIARY
        DEFENDANTS ARE BARRED BY THE DOCTRINE OF ABSOLUTE
        JUDICIAL IMMUNITY...................................16

    POINT IV

        COLEY'S COMPLAINT SHOULD BE DISMISSED AS THE CLAIMS
        ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE...........18

    POINT V

        COLEY'S CLAIMS SHOULD BE DISMISSED AS THEY ARE
        BARRED BY APPLICABLE STATUTE OF LIMITATIONS.........20

    POINT VI

        COLEY FAILS TO ALLEGE FACTS STATING A PRIMA FACIE
        CLAIM OF RETALIATION................................22

**EXHIBIT I - Page 3**

POINT VII

> COLEY'S FEDERAL AND STATE CONSPIRACY CLAIMS AGAINST
> THE JUDICIARY DEFENDANTS FAIL BECAUSE COLEY HAS NOT
> ALLEGED SUFFICIENT FACTS TO STATE A PRIMA FACIE
> CLAIM...............................................24

POINT VIII

> COLEY'S CLAIMS UNDER TITLE 18 SHOULD BE DISMISSED
> WITH PREJUDICE.....................................27

POINT IX

> COLEY FAILS TO STATE A PLAUSIBLE CLAIM FOR
> DECLARATORY RELIEF.................................28

POINT X

> ANY BIVENS CLAIM IS FUTILE AS A MATTER OF LAW
> AGAINST THE JUDICIARY DEFENDANTS...................30

CONCLUSION.................................................31

EXHIBIT I - Page 4

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Agency Holding Corp. v. Malley-Duff & Assoc. Inc.*,
  483 U.S. 143 (1987) ........................................21

*Alabama v. Pugh*,
  438 U.S. 781 (1978) ....................................13, 15

*Alden v. Maine*,
  527 U.S. 706 (1999) ........................................11

*Allah v. Seiverling*,
  229 F.3d 220 (3d Cir. 2000) ...............................23

*Allen v. Debello*,
  861 F.3d 433 (3d Cir. 2017) ...............................19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................9, 10, 30

*Banco Popular N. Am. v. Gandi*,
  876 A.2d 253 (N.J. 2005) ..................................24

*Bennett v. City of Atlantic City*,
  288 F. Supp. 2d 675 (D.N.J. 2003) .........................13

*Bistrian v. Levi*,
  696 F.3d 352 (3d Cir. 2012) ................................9

*Bivens v. Six Unknown Named Agents of Federal Bureau
  of Narcotics*,
  403 U.S. 388 (1971) ..................................3, 30, 31

*Blanciak v. Allegheny Ludlum Corp.*,
  77 F. 3d 690 (3d Cir. 1996) ................................8

*Blatchford v. Native Village of Noatak & Circle
  Village*,
  501 U.S. 775 (1991) ........................................13

*Bonavitacola Elec. Contr., Inc. v. Boro Developers,
  Inc.*,
  87 F. Appx. 227 (3d Cir. 2003) ............................28

iii

**EXHIBIT I - Page 5**

*Brandon E. ex rel. Listenbee v. Reynolds,*
201 F.3d 194 (3d Cir. 2000) ................................29

*Briscoe v. LaHue,*
460 U.S. 325 (1983) ...................................16, 17

*Buss v. Fed. Bureau of Prisons,*
No. CV217590KMWSAK, 2022 WL 884378 (D.N.J. Mar. 25,
2022) ....................................................21

*Butz v. Economou,*
438 U.S. 478 (1978) ......................................16

*Callahan v. City of Phila.,*
207 F.3d 668 (3d Cir. 2000) ..............................15

*Campanello v. Port Auth. Of N.Y. and N.J.,*
590 F. Supp.2d 694 (D.N.J.2008) ..........................21

*Cent. Bank of Dover, N.A. v. First Interstate Bank of
Denver, N.A.,*
511 U.S. 164 (1994) ......................................27

*Cetel v Kirwan Fin. Grp., Inc.,*
460 F.3d 494 (3d Cir. 2006), *cert. denied*, 549 U.S.
1207 (2007) ..............................................21

*Champaigne v. Davis,*
No. 23CV3319 (EP) (JRA), 2024 WL 5039754 (D.N.J.
Dec. 9, 2024) ............................................31

*College Savings Bank v. Florida Prepaid Postsecondary
Educ. Expense Bd.,*
527 U.S. 666 (1999) ......................................13

*Corliss v. O'Brien,*
200 F. App'x 80 (3d Cir. 2006) ...........................29

*Cottrell v. Alcon Labs.,*
874 F.3d 154 (3d Cir. 2017), *cert. denied sub nom.
Alcon Labs., Inc. v. Cottrell*, 584 U.S. 998 (2018) ..........8

*D.C. Court of Appeals v. Feldman,*
460 U.S. 462 (1983) ......................................19

*District 11 99P Health & Welfare Plan v. Janssen,
L.P.,*
784 F. Supp. 2d 508 (D.N.J. 2011) ........................27

**EXHIBIT I - Page 6**

*Doby v. Middlesex Cnty. Drug Ct. Prob.,*
  Civil Action No. 21-17222 (FLW), 2022 WL 4468600
  (D.N.J. Sept. 23, 2022) .....................................16

*Dongon v. Banar,*
  363 Fed. Appx. 153 (3d Cir. 2010) ..........................11

*Dongon v. Banar,*
  No. 08-5331, 2009 WL 10695064 (D.N.J. July 22, 2009) .......12

*Edelman v. Jordan,*
  415 U.S. 651 (1974) ........................................11

*Egbert v. Boule,*
  596 U.S. 482 (2022) ........................................31

*Febres v. Camden Bd. of Educ.,*
  445 F.3d 227 (3d Cir. 2006) ................................11

*Ferri v. Ackerman,*
  444 U.S. 193 (1979) ........................................16

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009) ..............................9, 10

*Gencarelli v. Superior Ct. of N.J.,*
  Civ. No. 04-3332, 2005 U.S. Dist. LEXIS 42264, 2005
  WL 1490590 (D.N.J. June 21, 2005) ..........................12

*Great Northern Life Ins. v. Read,*
  322 U.S. 47 (1944) .........................................13

*Green v. Mansour,*
  474 U.S. 64 (1985) ......................................28, 29

*Greene v. Cty. of Essex,*
  Civ. No. 20-14723, 2022 U.S. Dist. LEXIS 234302
  (D.N.J. Dec. 30, 2022) .....................................11

*Griffin v. Breckenridge,*
  403 U.S. 88 (1971) ......................................25, 26

*Hall v. Miner,*
  411 F. App'x 443 (3d Cir. 2011) ............................21

*Hobson v. Wilson,*
  737 F.2d 1 (D.C. Cir. 1984), *cert. denied*, 470 U.S.
  1084 (1985) ................................................26

v

**EXHIBIT I - Page 7**

*Hunter v. Supreme Ct. of N.J.*,
   951 F. Supp. 1161 (D.N.J. 1996), *aff'd sub nom.*,
   *Hunter v. Supreme Court*, 118 F.3d 1575 (3d Cir.
   1997) ...................................................12

*Irving v. Bd. of Chosen Freeholders of Burlington
   Cnty.*,
   No. CV 19-07276, 2021 WL 717388 (D.N.J. Feb. 24,
   2021) .................................................12

*Lauren W. ex rel. Jean W. v. DeFlaminis*,
   480 F.3d 259 (3d Cir. 2007) ..........................23

*Johnson v. State of New Jersey*,
   869 F. Supp. 289 (D.N.J. 1994) .......................12

*Kaul v. Christie*,
   372 F. Supp. 3d 206 (D.N.J. 2019) ....................15

*Khodara Envtl., Inc. v. Blakey*,
   376 F.3d 187 (3d Cir. 2004) ..........................30

*Kurtz v. Oremland*,
   111 A.2d 100 (N.J. Super. Chan. Div.), *aff'd o.b.*,
   109 A.2d 286 (N.J. 1954) .............................24

*Estate of Lagano v. Bergen Cnty. Prosecutor's Office*,
   769 F.3d 850 (3d Cir. 2014) ..........................20

*Larsen v. Senate of the Commonwealth*,
   152 F.3d 240 (3d Cir. 1998) ..........................29

*Lawson v. Ferguson*,
   No. 22-2365, 2023 WL 2770820 (3d Cir. Apr. 4, 2023) ........23

*Lopez v. Swyer*,
   300 A.2d 563 (N.J. 1973) .............................21

*Mazzetti v. N.J. Div. of Child Prot. & Permanency*,
   Civ. No. 14-8134 (KM) (MAH), 2017 WL 1159726 (D.N.J.
   Mar. 27, 2017) .......................................15

*Meyer v. New Jersey*,
   46 F.2d 1252 (3d Cir. 1972) ..........................15

*Mireles v. Waco*,
   502 U.S. 9 (1991) (per curiam) .......................16, 17

EXHIBIT I - Page 8

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyles*,
    429 U.S. 274 (1997) .........................................11

*Newton v. New Jersey*,
    No. 15-6481, 2017 WL 27457 (D.N.J. Jan. 2, 2017) ...........12

*O'Callaghan v. Hon. X*,
    661 F. App'x 179 (3d Cir. 2016) .......................29, 30

*Pennhurst State Sch. Hosp. v. Halderman*,
    465 U.S. 89 (1984) .........................................13

*PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*,
    19 F.4th 308 (3d Cir. 2021) ................................9

*Pierson v. Ray*,
    386 U.S. 547 (1967) ....................................16, 17

*Port Auth. Police Benevolent Ass'n v. Port Auth. of*
    *N.Y. & N.J. Police Dep't*,
    973 F.2d 169 (3d Cir. 1992) ...............................19

*Powell v. McCormack*,
    395 U.S. 486 (1969) .......................................30

*Pub. Serv. Comm'n v. Wycoff Co.*,
    344 U.S. 237 (1952) .......................................28

*Quern v. Jordan*,
    440 U.S. 332 (1979) ....................................13, 15

*Rauser v. Horn*,
    241 F.3d 330 (3d Cir. 2001) ...............................23

*Robinson v. N.J. Mercer Cty. Vicinage-Family Div.*,
    514 Fed. Appx. 146 (3d Cir. 2013) .........................11

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923) ....................................18, 19

*Shaikh v. Germadnig*,
    No. CV 22-2053 (RK) (JBD), 2023 WL 4534127 (D.N.J.
    July 13, 2023) ............................................20

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong*
    *Shipping Grp. Ltd.*,
    181 F.3d 410 (3d Cir. 1999) ...............................21

vii

**EXHIBIT I - Page 9**

*Stump v. Sparkman*,
    435 U.S. 349 (1978) ....................................16, 17

*Thomas v. Indep. Twp.*,
    463 F.3d 285 (3d Cir. 2006) ................................23

*Tynan v. General Motors Corp.*,
    591 A.2d 1024 (N.J. Super. App. Div. 1991) .................24

*United Brotherhood of Carpenters & Joiners Local 610*
    *v. Scott*,
    463 U.S. 825 (1983) ........................................25

*United States v. Nixon*,
    418 U.S. 683 (1974) ........................................27

*Wallace v. Kato*,
    549 U.S. 384 (2007) ........................................20

*Watson v. Rozum*,
    834 F.3d 417 (3d Cir. 2016) ................................23

*West v. Atkins*,
    487 U.S. 42 (1988) .........................................14

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) .................................10, 14, 15

*Wooden v. Eisner*,
    143 F. App'x 493 (3d Cir. 2005) ...........................21

*Worldwide Church of God v. McNair*,
    805 F.2d 888 (9th Cir. 1986) ...............................19

*Ziglar v. Abbasi*,
    582 U.S. 120 (2017) ........................................31

**Statutes**

18 U.S.C. § 1962.................................................27

28 U.S.C. § 1257.................................................18

28 U.S.C. § 1331.................................................18

28 U.S.C. § 2201.................................................28

42 U.S.C. § 1983.................2, 13, 14, 15, 16, 17, 20, 22

**EXHIBIT I - Page 10**

Civil Rights Act of 1871.......................................13

Declaratory Judgment Act of 1934.............................28

Federal Civil Rights Act, 42 U.S.C. § 1985.................24, 25

N.J. Stat. Ann. § 2A:14-1....................................21

N.J. Stat. Ann. § 2A-14-2(a).................................21

Section 1985.............................................25, 26

**Other Authorities**

Fed. R. Civ. P. 9(b).........................................28

Fed. R. Civ. P. 12(b)(1)......................................8

Fed. R. Civ. P. 12(b)(6)...............................8, 9, 10

Fed. R. Civ. P. 57...........................................28

Local Civil Rule 15.1.........................................7

**EXHIBIT I - Page 11**

## PRELIMINARY STATEMENT

Plaintiff *pro se* Lillie Coley (Coley),[1] a disgruntled and vexatious litigant, has filed multiple, meritless federal court actions against the New Jersey State Judiciary and numerous individual judges, in connection with state family court proceedings dating back to 2012.  This action, like all of its predecessors, is fatally flawed and should be dismissed.

In the first and second prior federal actions filed in the District of New Jersey, *Coley, et al. v. N.J. Superior Court Family Part, et al.*, Civil Action No. 16-cv-6964, and *Coley, et al. v. N.J. Supreme Court, et al.*, Civil Action No. 22-cv-1639, Coley voluntarily dismissed the actions, after counsel entered an appearance for the Judiciary Defendants in the first matter and after counsel for the Judiciary Defendants filed a motion to dismiss in the second matter.

In the third prior federal action, *Coley, et al. v. N.J. Supreme Court, et al.*, Civil Action No. 24-cv-1025, the U.S. District Court for the Eastern District of Pennsylvania dismissed Coley's complaint upon granting the Judiciary Defendants' motion to dismiss for lack of personal jurisdiction.

---

[1] Another individual - Rymir Satterthwaite- was also identified by Coley as a *pro se* Plaintiff but Mr. Satterthwaite recently withdrew as a party (See ECF Nos. 34, 36).  Coley alleges that she is the godmother and was legal guardian of Rymir Satterthwaite. *See Amended Complaint* ("Pl. Amend. Compl."), ECF No. 33, ¶7.

**EXHIBIT I - Page 12**

In this, her fourth federal action, Coley yet again attempts to bring claims against the State Judiciary, including several individual judges, stemming from long-concluded state court proceedings that took place years ago.  The entity Judiciary Defendants are the Supreme Court of New Jersey; the Superior Court of New Jersey, Appellate Division; the Civil and Family Divisions of the Camden Vicinage; and the Administrative Office of the Courts.  The individual Judiciary Defendants are the Hon. Deborah Silverman Katz, A.J.S.C.; the Hon. Edward J. McBride, Jr., P.J.Cr.; the Hon. Stephen J. Polansky, P.J.Cv.; the Hon. Sherri L. Schweitzer, P.J.Eq.; the Hon. Daniel Bernardine, J.S.C.; and the Hon. Charles W. Dortch, Jr., J.S.C.

Coley's Amended Complaint should be dismissed as her claims against the Judiciary Defendants fail as a matter of law.

As an initial matter, Coley's claims are barred by 11th Amendment sovereign immunity principles as the state courts are an arm of the State, and, second, because the Judiciary Defendants, including the individual Judiciary Defendants in their official capacity, are not considered "persons" amenable to suit under Section 1983.

Coley's claims against the individual Judiciary Defendants fail because they pertain to judicial acts allegedly taken, or not taken, in the underlying state court proceedings and, thus, they are foreclosed by the doctrine of absolute judicial immunity.  In

2

EXHIBIT I - Page 13

addition, Coley's claims are barred by the *Rooker-Feldman* abstention doctrine to the extent she seeks to have this Court overturn the State court rulings.

Even if sovereign and judicial immunity, and *Rooker-Feldman* abstention, did not apply here, Coley's claims are, with one exception limited to post-judgment liens to effectuate the state court judgment, barred by the applicable statute of limitations. Coley's First Amendment retaliation and conspiracy claims fail as a matter of law because Coley fails to allege facts stating a *prima facie* claim. Coley's claims grounded in Title 18 claims are futile, as a matter of law, as Coley cannot bring a criminal action, and she has failed to assert a plausible claim for declaratory relief. Finally, Coley cannot assert a *Bivens* claim against the Judiciary Defendants, as they are not federal officials.

Accordingly, Coley's Amended Complaint should be dismissed, in its entirety, with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the Amended Complaint, ECF No. 33, Coley recounts the history of the State court proceedings giving rise to this litigation. On June 14, 2011, legal custody of Rymir Satterthwaite, the alleged biological son of Wanda Satterthwaite and Shawn Corey Carter (also known as "Jay-Z" in the entertainment industry), was awarded to Coley following proceedings held in the Superior Court of New Jersey (Atlantic County), Chancery Division, Family Part,

3

EXHIBIT I - Page 14

Docket Number FD-01-1823-11.  *Id.* at ¶¶26, 27, 53.

On June 18, 2012, Coley filed a petition for child/college support.  *Id.* at ¶ 29.  On August 13, 2012, Judge McBride dismissed the petition for lack of personal jurisdiction.  *Id.* at ¶¶31, 54. In December 2012, Judge McBride denied Coley's motion for reconsideration.  *Id.* at ¶¶32, 55.

In September of 2013, in the course of presiding over another Chancery Division, Family Part action, i.e., the matter bearing Docket Number FD-04-186-14, which concerns Mr. Satterthwaite's inheritance rights, Judge Nan Famular[2] changed Wanda's legal designation from Defendant to Plaintiff.  *Id.*, ¶56.  Following further proceedings in the same case, on November 17, 2014, Judge Polansky opened the proceedings to the public.  *Id.*, ¶34.  On December 10, 2014, Coley filed a civil action in the Superior Court of New Jersey, Law Division, Camden County, bearing Docket Number CAM-L-4749-14, which sought monetary damages for alleged fraud; this matter was sealed on February 19, 2015.  *Id.*, ¶¶35, 58.

On May 1, 2015, Judge Dortch sanctioned Coley for disseminating files.  *Id.*, ¶36. Judge Dortch continued to sanction Coley between 2015 and 2019.  *Id.* During this same time period, Judge Dortch and Judge Polansky allegedly allowed Jay-Z to produce "false statements" without any due process.  *Id.*, ¶37. In this same

---

[2] Judge Famular is not named as a Defendant.

4

EXHIBIT I - Page 15

action, Judge Millenky[3] entered an order prohibiting the Daily News and the parties from disseminating information obtained as a result of the sealed proceedings. *Id.,* ¶38. The order was appealed and reversed. *Id.*

In the spring of 2016, Judge Dortch allegedly "allowed" Jay-Z's defense attorney, Lise Fisher, to obtain money from frivolous motions and attorney's fees imposed as sanctions in connection with the gag order. *Id.,* ¶39. Judge Dortch sanctioned Coley, and allegedly asked Coley for money on the record and allegedly called Wanda at home to intimidate her. *Id.,* ¶¶ 39, 60.

On January 11, 2017, Judge Dortch allegedly had an *ex parte* meeting with Lise Fisher. *Id.,* ¶¶40, 59. Mr. Satterthwaite reported the meeting and the alleged injustices to Camden County and was shot at by unknown individuals thereafter. *Id.*

In June of 2018, Coley was denied transcripts by Judge Bernardine, who allegedly told Coley to "go [to] the 'white man' to get what [Coley] wanted," referring to Jay-Z's attorney, Kenneth L. Winters. *Id.,* ¶41.

On October 18, 2018, Judge Michael Kassel[4] dismissed the Complaint in CAM-L-4749-14 and advised Coley to seek relief in the Family Part action to challenge the disputed orders. *Id.,* ¶84.

---

[3] Judge Millenky is not named as a Defendant.

[4] Judge Kassel is not named as a Defendant.

**EXHIBIT I - Page 16**

Between 2018 and 2022, Judge Glenn Grant, the Acting Administrative Director of the Courts, who then-headed the Administrative Office of the Courts, allegedly ignored Coley's civil rights complaints and refused to respond to NAACP inquiries pertaining to the delays. *Id.*, ¶¶42, 61.

In 2019, Judge Polansky allegedly "withheld" court documents from Coley in retaliation. *Id.*, ¶43. Judge Polansky told Coley that her Facebook posts violated the alleged gag order. *Id.*

On January 13, 2022, an injunction was issued, although it is unclear as to which judge issued it, allegedly preventing Coley from filing any complaints or applications with the trial court. *Id.*, ¶62.

On an unidentified date, Judges Polansky, Silverman Katz and Dortch allegedly placed a lien on Coley's property, stemming from attorney fee awards, which Judge Schweitzer allegedly knew about and "ratified". *Id.*, ¶49. Coley became aware of the alleged lien in December of 2023. *Id.*, ¶¶50, 63. Judges Schweitzer, Silverman Katz, Dortch and the New Jersey Supreme Court allegedly held a hearing regarding sanctions against Coley for failure to pay the attorney's fees; Coley did not receive notice of the hearing and was not given the opportunity to refute the claims against her. *Id.*, ¶¶51, 52.

On January 13, 2025, in a New Jersey Banking Division memorandum, the title company allegedly admitted wrongdoing. *Id.*,

6

**EXHIBIT I - Page 17**

¶63.

On November 25, 2024, Coley filed this action against the Judiciary Defendants. *See* ECF No. 1. On December 13, 2024, the Judiciary Defendants waived formal service of process. *See* ECF No. 8. On January 10, 2025, before the Judiciary Defendants responded to the Complaint, Coley filed a deficient Motion for Leave to Amend. See ECF No. 11. On January 29, 2025, Plaintiffs' Motion for Leave to Amend was denied without prejudice for failure to comply with Local Civil Rule 15.1. *See* ECF No. 16.

On January 30, 2025, Plaintiffs renewed their Motion for Leave to Amend. *See* ECF No. 20. Judiciary Defendants filed an opposition to Plaintiffs' Motion to Amend on March 11, 2025. *See* ECF No. 26. On March 20, 2025, Magistrate Judge Elizabeth A. Pascal, directed the Clerk of the Court to file Plaintiffs' Proposed Amended Complaint on the docket of this case and dismissed Plaintiffs' Motion to Amend as moot. *See* ECF No. 32. On the same date, Plaintiffs' Amended Complaint was filed on the docket. *See* ECF No. 33. On March 24, 2025, Plaintiff Rymir Satterthwaite submitted a notice of withdrawal, requesting to be removed as a plaintiff in this matter. *See* ECF No. 34. On March 25, 2025, Your Honor granted this request and, thus, Mr. Satterthwaite is no longer a party to this action. *See* ECF No. 35.

EXHIBIT I - Page 18

## STANDARDS OF REVIEW

Point I of this Motion to Dismiss asserting lack of subject matter jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1). Points II through X asserting failure to state a claim upon which relief may be granted are brought pursuant to Fed. R. Civ. P. 12(b)(6). Both standards are discussed below.

### A. **Fed. R. Civ. P. 12(b)(1) Standard.**

Fed. R. Civ. P. 12(b)(1) governs motions seeking dismissal for lack of subject matter jurisdiction. Motions to dismiss based upon sovereign immunity principles under the Eleventh Amendment are properly viewed as motions "to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)" because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.,* 77 F. 3d 690, 693 n.2 (3d Cir. 1996).

For the reasons that follow, Judiciary Defendants (both the entities as well as the individual judges in their official capacity) are immune from suit pursuant to the Eleventh Amendment, and thus, are entitled to dismissal of Coley's Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

### B. **Fed R. Civ. P. 12(b)(6) Standard.**

Fed. R. Civ. P. 12(b)(6) governs motions seeking dismissal for failure to state a claim upon which relief may be granted. *Cottrell v. Alcon Labs.,* 874 F.3d 154, 170 (3d Cir. 2017), *cert.*

8

**EXHIBIT I - Page 19**

*denied sub nom. Alcon Labs., Inc. v. Cottrell*, 584 U.S. 998 (2018). For the purposes of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), courts accept all the factual allegations contained in the complaint as true, as well as any reasonable inferences that can be drawn from those allegations. *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 318 (3d Cir. 2021).

Federal courts use a two-part analysis to determine whether to dismiss a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of the claim. The court must "accept as true all well-pled factual allegations" and draw all reasonable inferences in favor of the plaintiff. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012); *Fowler*, 578 F.3d at 210-11. The court may "disregard any legal conclusions." *Id.* at 210. Legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, the court must then determine whether the facts alleged in the complaint are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft*, 556 U.S. at 679). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 662. Courts should identify

9

**EXHIBIT I - Page 20**

allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  "[W]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler*, 578 F.3d at 211.

For the reasons that follow, Coley's Amended Complaint fails to state a claim upon which relief may be granted, and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

**COLEY'S CLAIMS AGAINST THE JUDICIARY DEFENDANTS ARE BARRED BY SOVEREIGN IMMUNITY.**

It is well-recognized that the States, state agencies and state officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Accordingly, sovereign immunity under the Eleventh Amendment extends not only to the

10

EXHIBIT I - Page 21

States, but also to State agencies and entities if deemed an "arm of the state." *Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229 (3d Cir. 2006)(citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyles*, 429 U.S. 274, 280 (1997)).

Moreover, a lawsuit by a private party which seeks to impose liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 693 (1974).

Thus, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-13 (1999) (citations omitted).

For purposes of the Eleventh Amendment, the State Judiciary is an arm of the State of New Jersey. *See Greene v. Cty. of Essex*, Civ. No. 20-14723, 2022 U.S. Dist. LEXIS 234302, at *12 (D.N.J. Dec. 30, 2022) ("[T]he New Jersey Judiciary . . . [is] indisputably a component of the State of New Jersey and therefore entitled to the protections of the Eleventh Amendment as well." (*citing Robinson v. N.J. Mercer Cty. Vicinage-Family Div.*, 514 Fed. Appx. 146, 149 (3d Cir. 2013)); S*ee Dongon v. Banar*, 363 Fed. Appx. 153, 156 (3d Cir. 2010) ("[S]tate courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they

EXHIBIT I - Page 22

are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *Gencarelli v. Superior Ct. of N.J.*, Civ. No. 04-3332, 2005 U.S. Dist. LEXIS 42264, 2005 WL 1490590, at *3 (D.N.J. June 21, 2005) ("It is settled law in New Jersey that the state judiciary is an integral part of the state and, consequently, all claims against it are barred by the Eleventh Amendment." (*citing Hunter v. Supreme Ct. of N.J.*, 951 F. Supp. 1161, 1177 (D.N.J. 1996), *aff'd sub nom., Hunter v. Supreme Court*, 118 F.3d 1575 (3d Cir. 1997)).

Similarly, the Administrative Office of the Courts is also entitled to sovereign immunity. *Irving v. Bd. of Chosen Freeholders of Burlington Cnty.*, No. CV 19-07276, 2021 WL 717388, at *8 (D.N.J. Feb. 24, 2021) (citing *Newton v. New Jersey*, No. 15-6481, 2017 WL 27457, at *4 (D.N.J. Jan. 2, 2017) (citing *Johnson v. State of New Jersey*, 869 F. Supp. 289, 298 (D.N.J. 1994) ("holding that defendant, the Administrative Office of the Courts, is entitled to Eleventh Amendment immunity from a suit for money damages")); *Dongon v. Banar*, No. 08-5331, 2009 WL 10695064, at *2 n.3 (D.N.J. July 22, 2009). "[T]he Court finds that the Administrative Office of the Courts can cloak itself in the state's sovereign immunity under the Eleventh Amendment." *Johnson*, 869 F. Supp. at 298.

Significantly, Coley has not shown that her claims fall within either of the two limited exceptions to sovereign immunity. Under the first exception, Congress may abrogate a State's Eleventh

12

EXHIBIT I - Page 23

Amendment immunity for rights protected under the Fourteenth Amendment. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The abrogation must be "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States." *Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (citation omitted). The Supreme Court has specifically held that Congress did not abrogate the States' Eleventh Amendment immunity for actions under the Civil Rights Act of 1871, including Section 1983. *Quern v. Jordan*, 440 U.S. 332, 340 (1979) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). Thus, the first exception to Eleventh Amendment immunity does not apply to this case.

The second exception to Eleventh Amendment immunity applies in cases where the State has consented to suit in federal court. *See Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 779 (1991). Such consent only exists when a State "makes a 'clear declaration' that it intends to submit itself" to a Court's jurisdiction. *College Savings Bank*, 527 U.S. at 675–76 (quoting *Great Northern Life Ins. v. Read*, 322 U.S. 47, 54 (1944)). Anything less than an unequivocal waiver of immunity will not subject a State to suit. *Pennhurst*, 465 U.S. at 99.

Here, the Judiciary Defendants have not consented to suit in federal court. *See Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003). Nor have the Judiciary Defendants

13

EXHIBIT I - Page 24

removed this matter to federal court; Coley chose to file suit in this court. Because the Eleventh Amendment operates as a bar to the claims asserted against the Judiciary Defendants (both the entities as well as the individual judges in their official capacity), Coley's Amended Complaint should be dismissed with prejudice.

## POINT II

**THE JUDICIARY DEFENDANTS ARE NOT "PERSONS" AMENABLE TO SUIT UNDER SECTION 1983.**

It is well-settled that neither a state, county, nor local governmental entity is a "person" for purposes of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The statute states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

[42 U.S.C. § 1983.]

In order to plead a cognizable Section 1983 claim, Coley must allege:(1) a violation of a federal constitutional or statutory right; and (2) that the deprivation was committed by a "person" acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While this statute provides a federal forum to remedy many

14

**EXHIBIT I - Page 25**

deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a State, or arms of the State, for alleged deprivations of civil liberties. *Will*, 491 U.S. at 60; *see also Kaul v. Christie*, 372 F. Supp. 3d 206, 244 (D.N.J. 2019) (providing that "New Jersey, a state, is not a 'person' under section 1983"); *Mazzetti v. N.J. Div. of Child Prot. & Permanency*, Civ. No. 14-8134 (KM) (MAH), 2017 WL 1159726, at *9 (D.N.J. Mar. 27, 2017) (noting that the State of New Jersey and its agencies do not qualify as "persons" amenable to suit under Section 1983).

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. *Quern v. Jordan*, 440 U.S. 332 (1979); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Meyer v. New Jersey*, 46 F.2d 1252 (3d Cir. 1972). The prohibition against naming a state or a state agency as a party derives from the Eleventh Amendment, which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

[U.S. Const. amend. XI.]

It is well-settled that the State Judiciary is not a "person" amenable to suit under Section 1983. *See Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000) (noting that courts have routinely held that state judiciary is not a "person" under Section

15

**EXHIBIT I - Page 26**

1983); *see also Doby v. Middlesex Cnty. Drug Ct. Prob.*, Civil Action No. 21-17222 (FLW), 2022 WL 4468600, at *1 (D.N.J. Sept. 23, 2022).  Accordingly, Coley's Section 1983 claims against all of the Judiciary Defendants, including the judges in their official capacity, should be dismissed with prejudice.

**POINT III**

**COLEY'S CLAIMS AGAINST THE INDIVIDUAL JUDICIARY DEFENDANTS ARE BARRED BY THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY.**

It has long been held that members of the judiciary are entitled to absolute immunity from suit based upon the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The doctrine of absolute judicial immunity allows judges to render decisions "with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Ferri v. Ackerman*, 444 U.S. 193, 203-04 (1979) (holding that immunity provides judges with the maximum ability to act fearlessly and impartially without an atmosphere of intimidation); *Butz v. Economou*, 438 U.S. 478, 512 (1978) (holding that immunity is necessary to assure that judges can perform their function without harassment or intimidation).

There are only two prerequisites for the application of judicial immunity: First, the act complained of must be a judicial act. *Mireles*, 502 U.S. at 11. In other words, the act must be one

16

**EXHIBIT I - Page 27**

normally performed by a judge. *Id.* at 12. This includes both the decisions rendered as well as the words spoken by a judge. *Bradley*, 80 U.S. at 349 n.16 (citation omitted).

Second, the judge must have jurisdiction when he or she acts. *Mireles*, 502 U.S. at 12. In the immunity context, whether a judge has jurisdiction "must be construed broadly" so that he will only "be deprived of immunity when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57. This absolute immunity applies even when the judicial act is wrong, malicious, or corrupt. *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. at 554.

The doctrine applies to suits alleging violations of federal civil rights under 42 U.S.C. § 1983. *Mireles*, 502 U.S. at 10; *Briscoe v. LaHue*, 460 U.S. at 334; *Pierson*, 386 U.S. at 554. In *Pierson*, the Supreme Court recognized that "[t]he legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities." 386 U.S. at 554. If Congress wanted to abolish judicial immunity, they would have specifically done so. *Id.* at 554-55.

In the present matter, Judges Silverman Katz, McBride, Polansky, Schweitzer, Bernardine and Dortch are entitled to absolute judicial immunity, as all of Coley's claims against them are based on actions allegedly taken, or not taken, in their judicial capacity while they were presiding over matters involving

EXHIBIT I - Page 28

Coley and Rymir. More specifically, Coley alleges that the judges presided over cases pertaining to Rymir's inheritance rights and the judges allegedly imposed sanctions on Coley for the unauthorized dissemination of information and documents and placed a lien on Coley's property stemming from unpaid attorney fees. *See generally Pl. Amend. Compl.* All of these alleged acts are actions routinely performed by a judge. As such, Judges Silverman Katz, McBride, Polansky, Schweitzer, Bernardine and Dortch are entitled to absolute judicial immunity, and Coley's Amended Complaint should be dismissed, in its entirety, with prejudice.

## POINT IV

**COLEY'S COMPLAINT SHOULD BE DISMISSED AS THE CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.**

Coley's Amended Complaint is an impermissible attempt to appeal adverse state court rulings in federal court.

Under the *Rooker-Feldman* abstention doctrine, federal district courts have no authority to hear appeals from state court decisions. This rule arises from the interplay of two jurisdictional statutes, 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments... rendered by the highest court of a State."

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the

18

**EXHIBIT I - Page 29**

Supreme Court construed these statutory provisions to mean that only the Supreme Court, and not the lower federal courts, may review decisions of the highest court of a state. *Id.* at 415-16; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). This is true even when federal constitutional issues are at stake. *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't*, 973 F.2d 169 (3d Cir. 1992) (citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986)).

The *Rooker-Feldman* abstention doctrine has four requirements which must be met to bar suit: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Allen v. Debello*, 861 F.3d 433, 438 (3d Cir. 2017).

Here, all elements for the application of the doctrine are satisfied. Both the first and second elements are plainly satisfied under the facts of Coley's State court litigation. Coley alleges that her civil rights were violated by the unfavorable rulings rendered against her by the Defendant Judges, who allegedly misused the court to illegally order sanctions against her and place a lien on her property. *See Pl. Amend. Compl., ECF No. 33, ¶¶31, 32, 36, 39, 41, 45, 49.*

As for elements three and four, Coley is plainly inviting

19

**EXHIBIT I - Page 30**

this Court to review and reject the State court's rulings against them in the State court cases, which clearly pre-date the present federal court action. *See Pl. Amend. Compl.,* ECF No. 33, page 70, ¶¶5,6. In order to adjudicate Coley's claims, the District Court would be forced to act as a court of appeals over the New Jersey state court proceedings, something that the *Rooker-Feldman* doctrine precludes. As such, Coley's claims should be dismissed with prejudice.

### POINT V

**COLEY'S CLAIMS SHOULD BE DISMISSED AS THEY ARE BARRED BY APPLICABLE STATUTE OF LIMITATIONS.**

Coley's claims, other than the Section 1983 claim pertaining to the lien placed on her property, are also futile as a matter of law because they are time-barred.

Civil rights or constitutional torts claims are best characterized as personal injury actions governed by the relevant state's statute of limitations for personal injury actions." *Shaikh v. Germadnig*, No. CV 22-2053 (RK) (JBD), 2023 WL 4534127, at *26 (D.N.J. July 13, 2023), *order aff'd, appeal dismissed*, No. 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024) (citing *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014)); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (in a section 1983 claim, the court looks to statute of limitations for personal injury claims in the law of the state in

20

EXHIBIT I - Page 31

which the claim arose). In New Jersey, federal civil rights claims are subject to a two-year statute of limitations, which runs from the date on which the plaintiff knew, or should have known, of his or her injury. *Buss v. Fed. Bureau of Prisons*, No. CV217590KMWSAK, 2022 WL 884378, at *2 (D.N.J. Mar. 25, 2022) (citing *Hall v. Miner*, 411 F. App'x 443, 445 (3d Cir. 2011)); *Wooden v. Eisner*, 143 F. App'x 493, 494 (3d Cir. 2005). Similarly, tort claims are also subject to a two-year statute of limitations. *Campanello v. Port Auth. Of N.Y. and N.J.*, 590 F. Supp.2d 694, 699 (D.N.J.2008); N.J. Stat. Ann. § 2A-14-2(a).

RICO claims and common law fraud claims, as asserted by Coley here, afford plaintiffs additional time to file suit. "The Supreme Court has recognized a four-year limitations period for civil RICO claims." *See Agency Holding Corp. v. Malley-Duff & Assoc. Inc.*, 483 U.S. 143, 156 (1987); *Cetel v Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 510 (3d Cir. 2006) (affirming dismissal of civil New Jersey RICO plaintiff's action as time-barred because the statute of limitations for a New Jersey RICO claim is identical to its federal counterpart), *cert. denied*, 549 U.S. 1207 (2007). Additionally, New Jersey's statute of limitations for a common law fraud claim is six years. N.J. Stat. Ann. § 2A:14-1; *see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999) (citing *Lopez v. Swyer*, 300 A.2d 563, 567 (N.J. 1973)).

21

EXHIBIT I - Page 32

Here, most of Coley's claims are time-barred. Coley's constitutional and tort claims, other than the allegation that a lien was placed on Coley's property, involve allegations first made well over two years prior to the filing of this matter on November 25, 2024, which forecloses them. Coley's claims relate to a child support matter that was dismissed in 2012, sanctions allegedly imposed on Coley up until 2017, and an injunction entered against her in 2022. Although Coley fails to assert viable fraud and RICO claims, any claims involving alleged misconduct falling outside of the respective six- and four-year timeframe, would also be time-barred. Therefore, Coley's constitutional and tort claims, other than the Section 1983 claim relating to the lien placed on her residence, are time-barred and should be dismissed with prejudice.

## POINT VI

**COLEY FAILS TO ALLEGE FACTS STATING A PRIMA FACIE CLAIM OF RETALIATION.**

Coley fails to plead facts necessary to assert a plausible retaliation claim against the Judiciary Defendants and any retaliation claim should be dismissed with prejudice.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and

22

EXHIBIT I - Page 33

(3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). As to the second prong, an adverse action is one "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *See Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (internal quotation marks omitted). As to the third prong, "a causal link may be established by showing 'unusually suggestive temporal proximity'" between the protected activity and the alleged retaliation. *Id.* at 430 (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). A plaintiff "can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, *2 (3d Cir. Apr. 4, 2023) (*citing Watson v. Rozum,* 834 F.3d 417, 44 (3d Cir. 2016)).

Here, Coley has not pled facts supporting a retaliation claim against any of the Judiciary Defendants. Coley has not pled facts indicating any causal link between any constitutionally protected conduct on her part and actions taken by the Judiciary Defendants against her. Coley's Amended Complaint fails to assert facts other than conclusory allegations against the Judiciary Defendants as she alleges "Defendants imposed retaliatory sanctions against

23

EXHIBIT I - Page 34

Plaintiffs for alleged violations of a purported 'gag order.'" *See Pl. Amend. Compl.*, ¶68. As such, any retaliation claim asserted by Coley should be dismissed with prejudice.

**POINT VII**

**COLEY'S FEDERAL AND STATE CONSPIRACY CLAIMS AGAINST THE JUDICIARY DEFENDANTS FAIL BECAUSE COLEY HAS NOT ALLEGED SUFFICIENT FACTS TO STATE A PRIMA FACIE CLAIM.**

Any proposed conspiracy claims asserted under the Federal Civil Rights Act, 42 U.S.C. § 1985 ("Section 1985"), and state tort law should be dismissed, with prejudice, as Coley fails to plead the necessary elements of a *prima facie* cause of action.

In New Jersey, the tort of civil conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another." *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005) (internal quotations and citations omitted). A plaintiff must also allege and prove "an overt act that results in damage." *Id.* This is because a conspiracy is not actionable "absent an independent wrong." *Tynan v. General Motors Corp.*, 591 A.2d 1024, 1032 (N.J. Super. App. Div. 1991) (citing *Kurtz v. Oremland*, 111 A.2d 100, 108 (N.J. Super. Chan. Div.) ("A conspiracy cannot be made the subject of a civil action unless something is done without which the conspiracy would give a right of action.  The damage is the essence of the action, not

24

**EXHIBIT I - Page 35**

the conspiracy."), *aff'd o.b.*, 109 A.2d 286 (N.J. 1954)), *rev'd in part o.g.*, 604 A.2d 99 (N.J. 1992).

Coley also fails to plead class-based animus as motivation for the alleged conspiracy as required to state a Section 1985 conspiracy claim. Section 1985 reads in relevant part:

> (2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein freely, fully, and truthfully, to injure such party or witness in his person or property…or if two or more persons conspire for the purpose of impending, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person…to the equal protection of the laws; (3) If two or more persons in any State or Territory conspire or go in disguise…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws...

[42 U.S.C. § 1985.]

In order to state a claim under Section 1985, the plaintiff must allege a conspiracy, motivated by a discriminatory based animus, for the purposes of depriving any person or class of the equal protection of the law and act in furtherance of the conspiracy, whereby a person is injured. *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 829 (1983). The requirement that the conspiracy be motivated by class- based animus was then added by the Supreme Court in *Griffin v.*

25

EXHIBIT I - Page 36

*Breckenridge*, 403 U.S. 88 (1971). The *Griffin* court held that in order to give "full effect" to the Congressional purpose of Section 1985, "there must be some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id*. Therefore, Section 1985 "does not apply to all conspiratorial tortious interference with the rights of others, but only to those motivated by some class-based, invidiously discriminatory animus." *Hobson v. Wilson*, 737 F.2d 1, 14 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1084 (1985).

Here, not only is Coley's Amended Complaint devoid of any facts even remotely implying that the Judiciary Defendants had an agreement in place to violate the Coley's civil rights, there is no suggestion whatsoever that the alleged conspiracy was motivated by class-based, discriminatory animus. There are no facts, other than conclusory allegations, indicating that the alleged wrongful actions of any of the Judiciary Defendants were motivated by Coley's race or any other protected trait. As Coley fails to assert a *prima facie* conspiracy claim under any theory against the Judiciary Defendants, and any conspiracy claim should be dismissed with prejudice.

26

EXHIBIT I - Page 37

## POINT VIII

**COLEY'S CLAIMS UNDER TITLE 18 SHOULD BE DISMISSED WITH PREJUDICE.**

Coley cannot assert a RICO or criminal fraud claim as Coley has no right to bring a private cause of action under the federal criminal statutes.

The Amended Complaint seeks to assert a civil RICO claim under 18 U.S.C. § 1962, and a fraud claim. As for claims based on alleged violation of criminal statutes, those statutes do not allow independent civil claims for the simple reason that private citizens do not have "authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch." *United States v. Nixon*, 418 U.S. 683, 693 (1974); *see also Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Thus, any claims brought under Title 18 are improper and futile as a matter of law.

To the extent that Coley also seeks to bring a civil RICO claim, her claim still fails. To allege a claim under 18 U.S.C. § 1962(c), a plaintiff must plead conduct of an enterprise through a pattern of racketeering activity. *District 11 99P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 518-19 (D.N.J. 2011) (citation omitted). Furthermore, with respect to a fraud

27

EXHIBIT I - Page 38

claims under the RICO statute, claimants must satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b). This requires specific pleading regarding the "who, what, when and where details of the alleged fraud." *Bonavitacola Elec. Contr., Inc. v. Boro Developers, Inc.*, 87 F. Appx. 227, 231 (3d Cir. 2003). Here, Coley's broad-brush and conclusory allegations regarding purported RICO violations and fraud do not satisfy the requirement of plausible and specific factual details showing the involvement of the Judiciary Defendants in any alleged pattern of racketeering enterprise or fraud. Therefore, any criminal fraud or RICO claim which Coley attempts to bring should be dismissed with prejudice.

## POINT IX

### COLEY FAILS TO STATE A PLAUSIBLE CLAIM FOR DECLARATORY RELIEF.

The Declaratory Judgment Act of 1934 empowers a federal court to declare a party's rights, irrespective of whether alternative relief is or could be sought. 28 U.S.C. § 2201; Fed. R. Civ. P. 57. The Supreme Court has found that the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985)(quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). "The propriety of issuing a declaratory judgment may depend upon equitable considerations . . . and is also 'informed by the teachings and experience concerning

28

EXHIBIT I - Page 39

the functions and extent of federal judicial power.'" *Id.* (citations omitted).

In some cases, neither absolute judicial immunity nor Eleventh Amendment sovereign immunity bars declaratory relief. *See Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998); *see also Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197 (3d Cir. 2000) (providing that the post-*Pulliam* §1983 amendment does not expressly authorize suits for declaratory relief against judges, but implicitly recognizes that such relief is available in some circumstances). Akin to injunctive relief, declaratory relief against a state official must be prospective because retrospective relief does not escape an Eleventh Amendment sovereign immunity bar. *Green*, 474 U.S. at 73.

In order to state a plausible claim for prospective declaratory relief, a plaintiff must plead facts to give rise to relief "in the true legal sense." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). A plaintiff cannot simply request a district court to "declare" that a state official violated her constitutional rights because declaratory relief is an inappropriate procedural vehicle to adjudicate past conduct or proclaim that one party is liable to another. *Id.*; see also *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (noting that declaratory relief "is meant to define the legal rights and obligations of the named parties in anticipation of future conduct,

EXHIBIT I - Page 40

not to proclaim their liability for past actions").

Here, Coley has not "allege[d] facts from which it appear[s] substantially likely that they would suffer future injury." *O'Callaghan*, 661 F. App'x at 182 (emphasis in original). While Coley purports to seek prospective relief, in actuality Coley is seeking a declaration that the Judiciary Defendants violated Coley's constitutional rights in the past. *See Powell v. McCormack*, 395 U.S. 486, 517-18 (1969) ("The availability of declaratory relief depends on whether there is a live dispute between the parties. . . ."); *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) ("[D]eclaratory judgments are typically sought before a completed injury has occurred."). Coley has not satisfied her burden to demonstrate the likelihood that they will suffer some future injury at the hands of a named party. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Therefore, Coley's request for declaratory relief is untenable and should be denied.

## POINT X

**ANY BIVENS CLAIM IS FUTILE AS A MATTER OF LAW AGAINST THE JUDICIARY DEFENDANTS.**

*Bivens* allows for a plaintiff to obtain damages from a federal official. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* provides a means, absent

30

**EXHIBIT I - Page 41**

explicit statutory authorization, for individuals to seek damages for Fourth Amendment violations committed by federal officers." *Champaigne v. Davis*, No. 23CV3319 (EP) (JRA), 2024 WL 5039754, at *2 (D.N.J. Dec. 9, 2024) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017)). "Specifically, the *Bivens* court held that "it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 596 U.S. 482, 490 (2022) (quoting *Bivens*, 403 U.S. at 397).

Here, Coley seemingly seeks to bring a "*Bivens*-type action" against the Judiciary Defendants. *See Pl. Amend. Compl.*, ECF No. 33, ¶155-157. However, such an action cannot be maintained inasmuch as the Judiciary Defendants are several Superior Court Judges, two New Jersey courts, two divisions of a vicinage and a central administrative office, none of whom or which are federal officers. Therefore, any *Bivens* or *Bivens*-type claim sought to be asserted against these Defendants fails as a matter of law.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Judiciary Defendants respectfully request that this Court dismiss Coley's Amended Complaint, in its entirety, with prejudice.

Respectfully submitted,

MATTHEW J. PLATKIN

31

EXHIBIT I - Page 42

ATTORNEY GENERAL OF NEW JERSEY

By:  s/ Natalie K. Dennis
     Natalie K. Dennis
     Deputy Attorney General

Dated: April 21, 2025

**EXHIBIT I - Page 43**