1  Carla M. Wirtschafter (SBN 292142)
   Email: cwirtschafter@reedsmith.com
2  Allison L. Kahn (SBN 346206)
   Email: akahn@reedsmith.com
3  REED SMITH LLP
   1901 Avenue of the Stars, Suite 700
4  Los Angeles, CA  90067-6078
   Telephone:  (310) 734-5200
5  Facsimile:   (310) 734-5299

6  *Attorneys for Defendant*
   SHAWN COREY CARTER

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11 RYMIR SATTERTHWAITE,                Case No.: 2:25-cv-04251- SPG (MARx)

12                Plaintiff,           *[Assigned to Hon. Sherilyn Peace Garnett, Courtroom 5C]*

13        vs.                          **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE**

14 SHAWN COREY CARTER,

15                Defendant.

16                                     *[Filed Concurrently With Motion to Dismiss and Strike; Memorandum of Points and Authorities; Declaration Of Carla M. Wirtschafter; [Proposed] Order]*

17

18                                     Hearing Date: September 3, 2025

19                                     Time: 1:30 p.m.
                                       Location: Courtroom 5C

20
                                       Action Filed:  May 6, 2025
21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# REQUEST FOR JUDICIAL NOTICE

## I.    Introduction

Pursuant to Federal Rule of Evidence 201, Defendant Shawn Corey Carter ("Defendant") respectfully requests that the Court take judicial notice of the following documents identified in this Request and attached as exhibits to the Declaration of Carla M. Wirtschafter ("Wirtschafter Decl.") in support of the Defendant's Motion to Dismiss and to Strike Plaintiff's Complaint (the "Motion") file concurrently herewith:

| Exhibit | Description |
|---------|-------------|
| Ex. B | Order denying petition for genetic testing by the Honorable Doris Pechkurow of the Court of Philadelphia County Court of Common Pleas, Family Court Division, Case No.: 0C1001054, on July 16, 2010. |
| Ex. C | Order dismissing petition for paternity testing by the Honorable Doris Pechkurow of the Court of Philadelphia County Court of Common Pleas, Family Court Division, Case No.: 0C1001054, on May 19, 2011. |
| Ex. D | Appellate Order reversing order granting petition to vacate orders by the Honorable Olson, Wecht, and Colville, JJ of the Superior Court of Pennsylvania, Case No.: 1767 EDA 2012, on April 23, 2013. |
| Ex. E | Order by the Honorable Nan S. Famular of the Superior Court of New Jersey, Camden County, Case No.: FD-04-186-14, on September 17, 2013. |
| Ex. F | Order granting motion to seal by Honorable Joel Schneider of the United States District Court for the District of New Jersey, Case No.: 17-11751, on February 27, 2018. |
| Ex. G | Injunction Order by the Honorable Deborah Silverman Katz of the Superior Court of New Jersey, Camden County, Case No.: CAM-L- |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| | | 4749-14, on January 13, 2022. |
| Ex. H | | Order granting motion to dismiss for lack of jurisdiction by Honorable Nitza I. Quiñones Alejandro of the United States District Court for the Eastern District of Pennsylvania, Case No.: 24-1025, on August 14, 2024. |
| Ex. I | | Order granting motion to dismiss with prejudice by Honorable Edward S. Kiel of the United States District Court for the District of New Jersey, Case No.: 24–cv–10724–ESK–EAP, on May 22, 2025, as well as a copy of the motion for context. |

## II. Legal Standard

A court may take judicial notice of relevant facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). This includes facts that are "generally known within the trial court's territorial jurisdiction," and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Courts, therefore, may take judicial notice of court records and basic facts regarding other cases because these records and facts are not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F. 2d 244, 248 (9th Cir. 1992) ("*Borneo, Inc.*") (It is well established that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

Courts also are permitted to take judicial notice of documents under the incorporation by reference doctrine. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (applying the "incorporation by reference" doctrine where the plaintiff's claim depends on the contents of a document, the complaint does not explicitly allege the document's contents, the defendant attached the document to its motion to dismiss, and the parties do not dispute the document's authenticity). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss[.]'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

## III. Exhibits B-I are Judicially Noticeable Court Records That Are Incorporated By Reference In Plaintiff's Complaint

The Court may take notice of Exhibits B-I because they are court orders that are not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1)-(2).

Specifically, Exhibits B-I are the proper subject of judicial notice because they are court orders issued by state and federal courts in New Jersey and Pennsylvania; they are directly related to the matters at issue because they are the purported basis for allegations underlying Plaintiff's claims and prayer for relief, and demonstrate that the claims pled in this lawsuit have been repeatedly adjudicated and rejected. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that courts may take judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking "judicial notice of court filings"); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (taking judicial notice of filings in state court); *Borneo, Inc.*, 971 F. 2d at 248 (taking judicial notice of a California

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

court's final judgment); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of California Court of Appeal opinion and briefs filed in that proceeding and in the trial court to determine whether issue preclusion doctrine applied).

Separately, the Court may take judicial notice of Exhibits B-I under the incorporation by reference doctrine. *Tellabs, Inc.*, 551 U.S. at 322. Exhibits B-I are court orders issued in the New Jersey and Pennsylvania court proceedings that are referenced in and are the purported basis for the allegations in Complaint. *See* Complaint, ¶¶ 25-27, 35-37, 39-43, 47, 67, 72, 78, 89, 94-96, 98, 103, 111-115, 121-123. Additionally, as stated in Plaintiff's Prayer for Relief, Plaintiff is asking this Court to declare New Jersey and Pennsylvania court orders "null, void, unenforceable, and unconstitutional." *See* Prayer for Relief, ¶ 4 ("Declaratory relief …, declaring all judgments, liens, sealing orders, and other court actions obtain through fraud upon the court are null, void, unenforceable, and unconstitutional.") Exhibits B-I are those orders.

Accordingly, the court should take judicial notice of the orders in Exhibits B-I for the reasons set forth above.

DATED: July 18, 2025                REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
Carla M. Wirtschafter
Allison L. Kahn
Attorneys for Defendant
SHAWN COREY CARTER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CASE NO.:  2:25-cv-04251- SPG (MARx)          REQUEST FOR JUDICIAL NOTICE
SATTERTHWAITE v. CARTER